Filed 2/15/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOHN RAY DYNES,<br><br>    Defendant and Appellant. | F075158<br><br>(Fresno Super. Ct. No. F14902059)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Fresno County.  Hilary A. Chittick, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, and Max Feinstat, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Defendant John Ray Dynes sent a request to the Superior Court of Fresno County regarding his potential eligibility for resentencing under Proposition 57. The court denied his request, and he filed this appeal. We dismiss the appeal because of the absence of an appealable order.

## PROCEDURAL HISTORY

On December 19, 2013, defendant pleaded guilty to second degree robbery in case No. F13907336 (Pen. Code, § 211); the record implies that he also admitted three prior prison term enhancements (Pen. Code, § 667.5, subd. (b)).

On March 4, 2014, a felony complaint was filed in case No. F14902059, charging defendant with count I, carrying a concealed dirk or dagger (Pen. Code, § 21310); and count II, misdemeanor giving false information to a police officer (Pen. Code, § 148.9, subd. (a)), with one prior strike conviction and six prior prison term enhancements.

On April 3, 2014, defendant pleaded no contest in case No. F14902059 to count I, carrying a concealed dirk or dagger, and admitted one prior strike conviction. The court granted the prosecution's motion to dismiss count II and the six prior prison term enhancements.

**Sentencing**

Also on April 3, 2014, the court sentenced defendant in both case Nos. F013907336 and F14902059. The court denied defendant's request to dismiss the prior strike conviction pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

The court imposed an aggregate second strike term of eight years four months as follows: the lower term of two years, doubled to four years for second degree robbery (case No. F13907336); a consecutive term of eight months (one-third the midterm), doubled to 16 months for carrying a concealed dirk or dagger (case No. F14902059); and three consecutive one-year terms for the prior prison term enhancements.

2.

**Proposition 57**

On November 8, 2016, the voters passed Proposition 57, also known as "The Public Safety and Rehabilitation Act of 2016," and it took effect the following day. Among its provisions, Proposition 57 added section 32 to article I of the California Constitution. (Cal. Const., art 1, § 32, added by initiative, Gen. Elec. (Nov. 8, 2016), commonly known as Prop. 57 (hereafter "section 32").)

Section 32 states in its entirety:

"(a) The following provisions are hereby enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding anything in this article or any other provision of law:

"(1) Parole Consideration: Any person convicted of *a nonviolent felony offense* and sentenced to state prison shall be eligible for parole consideration *after completing the full term for his or her primary offense*.

"(A) For purposes of this section only, *the full term for the primary offense means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence*.

"(2) Credit Earning: The Department of Corrections and Rehabilitation shall have authority to award credits earned for good behavior and approved rehabilitative or educational achievements.

"(b) *The Department of Corrections and Rehabilitation shall adopt regulations in furtherance of these provisions, and the Secretary of the Department of Corrections and Rehabilitation shall certify that these regulations protect and enhance public safety*." (Italics added.)

**The court's denial of defendant's ex-parte request for relief**

On or about December 20, 2016, defendant sent a letter to the superior court and asked for a list of all the violent felony charges that had been changed to nonviolent offenses under Proposition 57, and whether that included second degree robbery.

On February 1, 2017, the superior court filed an order that treated defendant's letter as an ex-parte request for resentencing, modification of sentence, reclassification, or

recalculation of credits pursuant to Proposition 57. The court reviewed the entirety of section 32, as set forth above, and denied defendant's request for relief:

> "This Constitutional Amendment directs that the California Department of Corrections is to adopt regulations to implement the early parole eligibility provision, as well as the credit earning provision. The amendment did not authorize the trial courts to entertain or grant motions for resentencing, reclassification of a commitment offense, or for the recalculation of custody credits. Instead it allows for the California Department of Corrections and Rehabilitation to consider for early parole any state prisoner serving a prison term for a nonviolent felony 'after completing the full term for his or her primary offense.'

> "As the Act does not provide for the recall and resentencing of any state prisoner, the reclassification of a commitment offense or for a recalculation of custody credits, the ex-parte application for relief is denied.

> "Defendant must instead seek relief through the California Department of Corrections and Rehabilitation, once it has adopted the necessary regulations to implement the Act."

**Appellate briefing**

On February 14, 2017, defendant filed a notice of appeal of the court's order denying his ex-parte request for resentencing, modification, and reclassification under Proposition 57. He requested a certificate of probable cause from the superior court; that request was not ruled upon.

This court requested the parties to address whether the superior court's order was an appealable order. In response, appointed appellate counsel asked this court for guidance on the issue of appealability; if the order was deemed appealable, counsel stated that he would file a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, and ask this court to independently review the record.

The People argue Proposition 57 does not provide for resentencing, the superior court did not have authority to modify defendant's sentence, the court's order denying defendant's request was not appealable, and this appeal should be dismissed.

4.

**DISCUSSION**

" 'It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute.' [Citation.]" (*People v. Mazurette* (2001) 24 Cal.4th 789, 792; *Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.) "[A] criminal appeal by the defendant may be taken only from 'a final judgment of conviction' [citations] or from 'any order made after judgment, affecting the substantial rights' of the party [citations]." (*People v. Gallardo* (2000) 77 Cal.App.4th 971, 980; Pen. Code, § 1237.)

Section 32, as enacted by Proposition 57, authorizes the California Department of Corrections and Rehabilitation (CDCR) to adopt regulations in furtherance of its resentencing provisions. In contrast to resentencing initiatives, section 32 did not create or authorize "a substantial right to be resentenced" or provide "a remedy by way of a statutory postjudgment motion" for an inmate to file a petition with the superior court for recall or resentencing in the first instance. (See, e.g., *Teal v. Superior Court, supra*, 60 Cal.4th at p. 598; § 1170.126 [Prop. 36]; § 1170.18 [Prop. 47].)

In this case, the superior court's order that denied defendant's ex-parte request did not involve a final judgment of conviction. It also did not affect defendant's substantial rights since the court lacked jurisdiction to modify his sentence in the first instance under section 32. " '[G]enerally a trial court lacks jurisdiction to resentence a criminal defendant after execution of sentence has begun. [Citation.]' [Citations.] There are few exceptions to the rule." (*People v. Turrin* (2009) 176 Cal.App.4th 1200, 1204.) No such exception exists at the initial stage of the proceedings for an inmate to request relief under section 32. Instead, defendant must do so through CDCR once it has adopted the necessary regulations to implement section 32.

The superior court lacked jurisdiction to grant defendant's request for relief under section 32. Therefore, the court's order denying defendant's ex-parte request for relief is not an appealable order, and we dismiss this appeal. (See, e.g., *People v. Turrin*, *supra*,

5.

176 Cal.App.4th at p. 1208; *People v. Mendez* (2012) 209 Cal.App.4th 32, 34; *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725–1726.)

## **DISPOSITION**

The appeal is dismissed.

_____
POOCHIGIAN, J.

WE CONCUR:


_____
HILL, P.J.


_____
DETJEN, J.