Filed 2/27/19

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C086712 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F07222) |
| v. | |
| JARRETT EDWARD CHAMIZO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Jaime R. Roman, Judge. Dismissed.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri, George M. Hendrickson, Deputy Attorney General, for Plaintiff and Respondent.

1

THE APPEAL

In 2015, defendant, Jarrett Edward Chamizo, pleaded no contest to transporting cocaine and admitted a prior conviction for transporting methamphetamine and a prior conviction for possessing cocaine for sale.  Defendant was thereafter sentenced on the charge of transporting cocaine and, pursuant to section 11370.2 of the Health and Safety Code (statutory section references that follow are to the Health and Safety Code unless otherwise set forth), he was ordered to serve two additional and consecutive three-year terms based upon the prior convictions.

Defendant did not appeal the judgment and it became final in 2015.

In 2017, the Legislature amended section 11370.2 to narrow the crimes to which the three-year enhancement applies effective January 1, 2018.  Under the new statute the sentence enhancement provided for by section 11370.2 would not apply to defendant based on his conviction for transporting cocaine.

In December 2017, defendant filed a motion in the trial court to reduce his sentence by striking the two three-year enhancements.  Finding that the legislation amending section 11370.2 did not have retroactive application to those defendants whose judgments were final before the effective date of the amended statute, the trial court denied his motion.  Defendant appeals.

We hold that, since the defendant's 2015 judgment was final at the time he filed his motion for resentencing, the trial court did not have jurisdiction to entertain the motion.  We dismiss the appeal because it comes to us from a nonappealable order.

FACTS AND PROCEEDINGS

On March 12, 2015, defendant Jarrett Edward Chamizo pleaded no contest to transporting cocaine (§ 11352, subd. (a)) and admitted two section 11370.2, subdivision (a) enhancements based upon his prior convictions for transporting methamphetamine (§ 11379) and possessing cocaine for sale (§ 11352).  The same day, the trial court

2

sentenced him to the midterm of four years plus two consecutive three-year terms for the section 11370.2 enhancements for a total aggregate state prison term of 10 years. As earlier noted, defendant did not appeal from this judgment.

As noted in the summary of the appeal set forth above, defendant now appeals the trial court's denial of his post-judgment motion for resentencing which motion relies on the amendment of section 11370.2 enacted by Senate Bill No. 180 (2017-2018 Reg. Sess.) (Senate Bill 180). The bill went into effect January 1, 2018, and narrowed the scope of the enhancement found in section 11370.2. (§ 11370.2, as amended by Stats. 2017, ch. 677, § 1.) In part, the bill removed transporting cocaine in violation of section 11352 and possessing cocaine for sale, among other offenses, as offenses requiring imposition of the enhancement mandated by section 11370.2.

On December 18, 2017, defendant filed a motion for resentencing, arguing Senate Bill 180 should be applied retroactively to eliminate his two section 11370.2 enhancements, reducing his sentence to four years. The People opposed the motion on the ground that the trial court lacked jurisdiction to entertain defendant's post final judgment motion to modify his sentence. Even so, the trial court denied defendant's motion on the merits, finding Senate Bill 180 did not apply retroactively because there was no explicit expression of retroactivity that would defeat the application of Penal Code section 3. Defendant timely appealed.

## DISCUSSION

Defendant argues Senate Bill 180 must be applied retroactively to his final judgment to eliminate his punishment for two enhancements that no longer exist under the amended law. He further argues this result is not altered by his plea agreement. The People counter that the trial court did not have jurisdiction to amend defendant's sentence, and defendant has appealed from a nonappealable order. In what appears to be a concession of the validity of the People's argument, defendant requests in reply that we

3

deem his lower court motion to modify his sentence to have been a writ of habeas corpus. We agree that defendant has appealed from a nonappealable order and decline defendant's request to treat the motion as a petition for a writ of habeas corpus.

"A defendant may appeal from a final judgment of conviction or from any order after judgment which affects his or her substantial rights. ([Pen. Code,] § 1237.) 'Judgment is synonymous with the imposition of sentence [citation]. . . .' (*People v. Perez* (1979) 23 Cal.3d 545, 549, fn. 2.)" (*People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725.)

Under the common law, a trial court generally lacks "jurisdiction to resentence a criminal defendant once execution of sentence has commenced." (*People v. Karaman* (1992) 4 Cal.4th 335, 344.) Thus, once judgment is rendered, except for limited statutory exceptions which do not apply here (Pen. Code, §§ 1170.126, 1170.18), the sentencing court is without jurisdiction to vacate or modify the sentence except pursuant to the provisions of Penal Code section 1170, subdivision (d). (See *Portillo v. Superior Court* (1992) 10 Cal.App.4th 1829, 1834-1836.)

Penal Code section 1170, subdivision (d) allows a sentencing court on its own motion to recall and resentence, subject to the express limitation that the court must act to recall the sentence within 120 days after committing the defendant to prison. (See *Dix v. Superior Court* (1991) 53 Cal.3d 442, 456.) "Cases under . . . [Penal Code] section 1170(d) . . . have held that the court loses 'own-motion' jurisdiction if it fails to recall a sentence within 120 days of the original commitment. [Citations.]" (*Id.* at p. 464, emphasis omitted.)

Here, defendant was sentenced on March 12, 2015, but did not move to modify his sentence until December 18, 2017. Thus, the 120-day limitation under Penal Code section 1170, subdivision (d) had long since passed at the time he filed his motion. Thus the trial court was without jurisdiction to consider that motion. (See *People v. Chlad*, *supra*, 6 Cal.App.4th at pp. 1724-1725.) We note that, because the court was without

4

jurisdiction to consider the motion, its denial did not impact defendant's substantial rights. (*Id*. at p. 1726 [because the court was without jurisdiction to consider defendant's untimely motion to modify his sentence, denial of the motion could not have adversely impacted defendant's substantial rights]; see also *People v. Dynes* (2018) 20 Cal.App.5th 523, 528 [denial of motion to modify sentence brought outside of regulations to be adopted pursuant to Proposition 57 was not appealable].)

While we recognize that the legislature may expressly avail defendants whose judgments are final of the benefits of newly enacted laws (see, e.g., *Teal v. Superior Court* (2014) 60 Cal.4th 595, 600 [Penal Code "[s]ection 1170.126 creates a substantial right to be resentenced and provides a remedy by way of postjudgment motion"]), here, nothing in Senate Bill 180 suggests it was intended to apply to judgments that had become final before the filing of the motion. (See *People v. Grzymski* (2018) 28 Cal.App.5th 799, 802 [defendant not entitled to relief under Senate Bill 180 where he failed to appeal split sentences, which were final for purposes of retroactivity 60 days after imposition].) Had the legislature intended that Senate Bill 180 should be applied to those whose criminal convictions had become final, it could easily have said so.

Thus, the trial court's order was not appealable (*People v. Chlad*, *supra*, 6 Cal.App.4th at p. 1726; *People v. Dynes*, *supra*, 20 Cal.App.5th at p. 528), and we decline defendant's invitation on reply to deem his motion a petition for a writ of habeas corpus in order to cure the jurisdictional deficiency.

Having concluded defendant has appealed from a nonappealable order, we need not address defendant's remaining arguments.

DISPOSITION

Defendant's appeal is dismissed.


       HULL       , Acting P. J.


We concur:


       ROBIE       , J.


       MURRAY       , J.