Filed 10/2/20  P. v. McPherson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KENNETH LEE MCPHERSON,<br><br>    Defendant and Appellant. | E074316<br><br>(Super.Ct.No. RIF085277)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Affirmed.

Kenneth Lee McPherson, in pro. per.; and William G. Holzer, under appointment

by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

# I

# INTRODUCTION

Defendant and appellant Kenneth Lee McPherson appeals from a postjudgment order denying his petition for relief under Assembly Bill No. 1618.[1]  We affirm the order.

# II

# FACTUAL AND PROCEDURAL BACKGROUND[2]

On January 14, 1999, defendant, who was 35 years old at the time, entered a supermarket and placed a bottle of cologne and two packages of razor blades under his shirt.  Defendant purchased an onion, a loaf of bread, and two cans of beer.  As he left the store, a loss prevention officer attempted to apprehend defendant in the parking lot. Defendant hit the loss prevention officer on the head with a plastic shopping bag containing two metal cans of beer causing the victim pain and knocking him to the ground.  Defendant subsequently fled the scene on foot.  Defendant was arrested 10 months later.

On October 2, 2003, an amended information was filed charging defendant with robbery (Pen. Code, § 211; count 1); assault with a deadly weapon other than a firearm, to wit, beer cans, by means of force likely to produce great bodily injury (Pen. Code,

---

[1]  Effective January 1, 2020, the Legislature added section 1016.8 to the Penal Code.  (2019-2020 Reg. Sess.)  (Stats 2019, ch. 586, § 1.)  Subdivision (b) of Penal Code section 1016.8 provides:  "A provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy."

[2]  The factual background is taken from the probation officer's report.

2

§ 245, subd. (a)(1); count 2); and petty theft with a prior (Pen. Code, § 666; count 3). The amended information also alleged that defendant had suffered two prior prison terms (Pen. Code, § 667.5, subd. (b)) and two prior serious and violent strike convictions (Pen. Code, §§ 667, subds. (c) &(e)(2), 1170.12, subd. (c)(2)).

On March 18, 2004, a jury convicted defendant of counts 1 and 2. Count 3 was dismissed. A true finding was made as to the prior enhancement allegations. Defendant was sentenced to an indeterminate term of 25 years to life on count 1; an indeterminate term of 25 years to life on count 2 was stayed and the prior prison term enhancements were stricken.

In November 2016, California voters approved Proposition 57, making a nonviolent felony offender eligible for early parole consideration after completing the full term for his or her primary offense.

On September 2, 2019, defendant sent correspondence to the trial court regarding relief under Proposition 57. The trial court thereafter set a hearing regarding defendant's claim for relief under Proposition 57.

On October 15, 2019, defendant sent another letter to the court, seeking relief under Assembly Bill No. 1618. Defendant claimed that his prior strike convictions were the result of a plea bargain.

On November 4, 2019, the trial court denied defendant's petition for relief under Assembly Bill No. 1618.

3

On November 20, 2019, defendant sent another letter to the court, requesting a reduction of his restitution fine under Assembly Bill No. 227.[3]

On December 5, 2019, defendant, representing himself, filed a timely notice of appeal from the trial court's denial of his request for relief under Assembly Bill No. 1618.

On December 20, 2019, the trial court read and considered defendant's remaining letters, took no further action, and removed the scheduled hearing from their calendar.

On December 26, 2019, defendant filed a second notice of appeal and request for certificate of probable cause. The court denied defendant's request for certificate of probable cause.

III

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues without specific contentions as grounds for relief, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. In his supplemental brief, defendant makes incoherent arguments related to

---

[3] Assembly Bill No. 227 did not pass. (See https://leginfo.legislature.ca.gov/faces/billStatusClient.xhtml?bill_id=201920200AB227 [as of Sept. 28, 2020].)

4

the trial court's denial of his requests for relief under Assembly Bill No. 1618 and Proposition 57. He also asserts that he is 57 years old, his health is bad, and due to COVID-19 he should be released from prison. We reject these contentions.

As previously stated, Assembly Bill No. 1618 added Penal Code section 1016.8, effective January 1, 2020. (Stats. 2019, ch. 586, § 1.) The statute codifies the holding of *Doe v. Harris* (2013) 57 Cal.4th 64, i.e., "that the circumstance 'the parties enter into a plea agreement does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them.'" (*People v. Stamps* (2020) 9 Cal.5th 685, 705, quoting Pen. Code, § 1016.8, subd. (a)(1).) The statute further states, "A provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy." (Pen. Code, § 1016.8, subd. (b).)

Here, Assembly Bill No. 1618 does not apply. Defendant had ostensibly pleaded guilty in his prior cases, which were charged as prior strike convictions in this case. In the present matter, defendant did not plead guilty. Accordingly, the trial court did not err in denying defendant's request for relief under Assembly Bill No. 1618.

We also reject defendant's claim the trial court erred in denying him relief under Proposition 57. The record indicates the court never ruled on defendant's request for relief under Proposition 57. As such, defendant's contention related to Proposition 57 is not properly before this court.

5

In any event, the trial court would have lacked authority to consider a resentencing request under Proposition 57. Proposition 57, effective November 9, 2016, amended article I, section 32 of the California Constitution governing the consideration of parole and the earning of behavior credits in state prison. That provision states: "Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." (Cal. Const., art. I, § 32, subd. (a)(1).) Proposition 57 also eliminated the People's ability to directly file charges against a juvenile defendant in adult court. (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 305.) Proposition 57 "did not create or authorize 'a substantive right to be resentenced' or provide 'a remedy by way of a statutory postjudgment motion' for an inmate to file a petition with the superior court for recall or resentencing in the first instance." (*People v. Dynes* (2018) 20 Cal.App.5th 523, 528.)

Defendant also requests early release in light of his medical condition, age, and COVID-19. He has not demonstrated that he has exhausted his administrative remedies. (*Wright v. State of California* (2004) 122 Cal.App.4th 659, 663; see Gov. Code, § 8658; Pen. Code, § 1170, subd. (e).)

6

IV

DISPOSITION

The superior court's order denying defendant postjudgment relief is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


MILLER
Acting P. J.


MENETREZ
J.