Filed 8/30/22  P. v. Kennedy CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL D. KENNEDY,<br><br>        Defendant and Appellant. | A162621<br><br>(Solano County<br>Super. Ct. No. VCR233950 &<br>VCR227041) |

Under former Penal Code section 1170, subdivision (d) [1], a trial court has 120 days to recall a sentence on its own motion. After that, it loses jurisdiction. Appellant Michael D. Kennedy was sentenced to an aggregate term of seven years in state prison after the trial court revoked his probation. On the 119th day after he was sentenced, appellant filed a "Motion to Request a Recall of Sentence" asking the trial court to recall and modify his sentence pursuant to section 1170, subdivision (d). The court held a hearing on the motion and declined to modify his sentence. We address the narrow

---

[1] After this appeal was filed, Penal Code section 1170, subdivision (d) was renumbered to 1170.03 (Stats. 2021, ch. 719 § 3.1 (AB 1540), effective January 1, 2022). That section was subsequently amended and renumbered 1172.1 (Stats. 2022, ch. 58 (AB 200), § 9, effective June 30, 2022.)  The relevant provisions of the former subdivisions are unchanged. (See, section 1170.03, subd. (a)(1) and 1172.1 subd. (a)(1).)

1

question of whether the filing of appellant's motion requesting the court to recall its sentence constitutes a timely recall of the sentence by the court on its own motion. We conclude that it does not and the court was without jurisdiction to consider the motion or to recall the sentence after 120 days. Because the trial court no longer had jurisdiction to recall the sentence or to issue its order this appeal must be dismissed because it was taken from an unappealable order.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 8, 2019, appellant pleaded no contest to inflicting corporal injury on a former dating partner (Pen. Code, § 273.5)[2] and admitted personally inflicting great bodily injury (§ 12022.7, subd. (e)) in case No. VCR227041. He also pleaded no contest to making criminal threats (§ 422) in case No. VCR233950.[3]

On September 9, 2019, the trial court suspended imposition of sentence and placed appellant on probation for three years in both cases, to be served concurrently.

On July 31, 2020, the trial court found that appellant had violated the terms of his probation and revoked probation.

On September 18, 2020, the trial court denied appellant a further grant of probation and sentenced him to a total of seven years in state prison: a three-year midterm for the violation of section 273.5, and four years for the great bodily injury enhancement under section 12022.7, subdivision (e). The

---

[2] All undesignated statutory references are to the Penal Code.

[3] We omit any recitation of the facts of the offenses as they are not relevant to the claim raised on appeal.

court terminated probation in case No. VCR233950. Appellant did not appeal his sentence.

On January 15, 2021, appellant filed a "Motion to Request a Recall of Sentence" under former section 1170, subdivision (d). Appellant, who is Black, noted that the complaining witness at his probation revocation hearing admitted to using racially charged language during the incident that led the trial court to revoke his probation. Citing to the recently enacted California Racial Justice Act of 2020 (Stats. 2020, ch. 317, § 1)[4], appellant's counsel urged the court to deem this circumstance a mitigating factor, recall his sentence, and place him on a new grant of probation. The motion was calendared for February 5, 2021.

On February 1, 2021, the People filed an opposition to the appellant's request, arguing that the trial court lacked jurisdiction because the 120-day time period within which the court could have recalled the sentence under former section 1170, subdivision (d) had expired.

At the continued hearing held on March 24, 2021, the trial court stated "I think, as a technical matter, I have the authority to substantively consider resentencing. And so I will do so. I will reconsider it." The court then declined to modify the sentence. This appeal followed.

## DISCUSSION

As a threshold matter, the Attorney General contends that this appeal should be dismissed because the trial court had no jurisdiction to hold a hearing under former section 1170, subdivision (d) as it did not recall

---

[4] Under the California Racial Justice Act of 2020, "[t]he state shall not seek or obtain a criminal conviction or seek, obtain, or impose a sentence on the basis of race, ethnicity, or national origin." (§ 745, subd. (a).) (See also *Young v. Superior Court* (2022) 79 Cal.App.5th 138, 143.)

3

appellant's sentence within 120 days, as required by that subdivision. We agree.

## A. Applicable Legal Principals

" 'A defendant may appeal from a final judgment of conviction or from any order after judgment which affects his or her substantial rights. (§ 1237.) "Judgment is synonymous with the imposition of sentence." ' " (*People v. Chamizo* (2019) 32 Cal.App.5th 696, 699-700.) "The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159 (*Loper*).)

A trial court typically lacks jurisdiction to change a defendant's sentence once execution of the sentence begins. (*People v. Karaman* (1992) 4 Cal.4th 335, 344.) An exception to this rule is that an unauthorized sentence may be corrected at any time. (*People v. Scott* (1994) 9 Cal.4th 331, 354-355; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1205.) Another exception is provided in former section 1170, subdivision (d). (*People v. McCallum* (2020) 55 Cal.App.5th 202, 210.) The subdivision authorizes a trial court to, "*within 120 days of the date of commitment on its own motion,* or at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." (Former § 1170, subd. (d)(1), italics added.) Under this provision, the prior sentence and order of commitment is effectively "vacate[d]," and the trial court may sentence defendant anew, to an equal or lesser sentence. (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 456.)

4

A defendant has no right to bring a motion under section 1170, subdivision (d).[5] (*Loper, supra,* 60 Cal.4th 1155 at p. 1165; *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725 (*Chlad*).) A defendant may, however, invite the court to make its own motion to recall the sentence within the first 120 days of the defendant's commitment. (*Loper, supra,* 60 Cal.4th at p. 1167.) After that 120-day period, however, the court has no jurisdiction to recall a sentence on its own motion or to act upon defendant's invitation to do so. (*Id.* at p. 1165; *Chlad, supra,* 6 Cal.App.4th at p. 1725.) Because of the absence of jurisdiction in that situation, a court's order denying a defendant's motion filed more than 120 days after his or her commitment is not appealable, and an appeal from such an order should be dismissed. (*Loper, supra,* 60 Cal.4th at pp. 1165-1166; *Chlad, supra,* 6 Cal.App.4th at pp. 1725, 1727.)

**B. Analysis**

We must dismiss the appeal because the trial court here lost its "own motion" jurisdiction to recall appellant's sentence once the 120-day timeframe had expired. Appellant was sentenced on September 18, 2020. He filed his motion on January 15, 2021, which was one day before the expiration of the 120-day period within which the trial court could have recalled his sentence on its own motion. However, the court did not act on appellant's motion until March 24, 2021, which was 68 days after the 120-day period had expired. Even if the motion had been heard on the date on which it was originally calendared (February 5, 2021) the ruling would still have been beyond the 120-day window.

---

[5] Likewise, a defendant has no standing to bring a sentencing recall motion under newly-enacted section 1170.03 or the renumbered section 1172.1. The language regarding which entities may bring such motion is the same as former section 1170, subdivision (d). (See §§ 1170.03, subd. (a)(1) and 1172.1, subd. (a)(1).)

In his reply brief, appellant maintains that the trial court recalled his sentence on the date that he filed the motion, when the court set a hearing date for resentencing. He asserts that "the trial court exercised its authority to recall the sentence prior to the 120-day mark when it accepted the defendant's request, filed the motion, and set a hearing date for resentencing on the 119th day." He also faults the Attorney General's reliance on *Chlad* because, the defendant in *Chlad* did not file a motion pursuant to former section 1170, subdivision (d) until 149 days after he was sentenced, which was after the 120 day deadline. (*Chlad, supra,* 6 Cal.App.4th at p. 1722.) While it is true that the facts of *Chlad* differ from the facts presented here, the difference is inconsequential.

Although appellant's motion was submitted within the 120-day timeframe, the request itself did not initiate a recall proceeding. Rather, it was a request for the *trial court* to initiate such a proceeding. We also disagree with appellant that by filing his motion which included a hearing date, the court "de facto" exercised its authority to recall his sentence on its own motion prior to the expiration of jurisdiction. Typically, a motion that is filed will be calendared by the court clerk, not the trial judge, and such a clerical act is not the equivalent of a substantive, legally binding ruling recalling the sentence. The mere filing of appellant's motion requesting the court recall the sentence does not constitute a decision by the court on its "own motion" to recall the sentence. The court lost jurisdiction to recall the sentence after the 120th day following sentencing. Moreover, the trial court was under no duty to render a timely decision upon appellant's request. (See *Portillo v. Superior Court* (1992) 10 Cal.App.4th 1829, 1836 [finding the defendant was not entitled to relief pursuant to a writ of mandamus because

6

the trial court had no clear duty to act upon a defendant's request for resentencing under former § 1170, subd. (d)(1)].)

The court appeared to conclude that it had jurisdiction to recall appellant's sentence based on the date that appellant filed his motion. However, the court was mistaken because it failed to recall the sentence on its "own motion" within 120 days. At no time during the 120 days after sentencing did the court indicate or state that it was recalling the sentence on its own motion. And, although the court did act on appellant's request, the court's action did not occur until after the 120-day period had expired. Therefore, the court was without jurisdiction to recall and reconsider appellant's sentence when it denied the motion.[6]

Because the trial court was without jurisdiction to rule on appellant's request, its decision did not affect appellant's substantial rights within the meaning of section 1237. (*Chlad, supra,* 6 Cal.App.4th at p. 1726 [because the court lacked jurisdiction to consider the defendant's untimely motion to modify his sentence, denial of the motion could not have impacted his substantial rights]; see also *People v. Dynes* (2018) 20 Cal.App.5th 523, 528 [denial of motion to modify sentence brought outside of regulations to be adopted pursuant to Prop. 57 was not appealable].) Resultingly, the March 24, 2021 order is not an appealable order.

Having concluded defendant has appealed from a nonappealable order, we need not address the parties' remaining arguments.

### DISPOSITION

The appeal is dismissed.

---

[6] Assuming a court timely recalls a sentence within 120 days, resentencing need not occur within the 120-day period. *Dix v. Superior Court*, *supra,* 53 Cal.3d at p. 464.

WISS, J.*

WE CONCUR:


MARGULIES, ACTING P.J.


BANKE, J.


A162621


---

* Judge of the San Francisco Superior Court, assigned by the Chief Justice
pursuant to article VI, section 6 of the California Constitution.