Filed 3/10/23  P. v. Fullmore CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DAVID EDWARD FULLMORE,<br><br>Defendant and Appellant. | C097204<br><br>(Super. Ct. No. 09F06445) |

Appointed counsel for defendant David Edward Fullmore asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  However, because defendant has appealed from a nonappealable order, we will dismiss the appeal.  (*People v. Mendez* (2012) 209 Cal.App.4th 32, 34; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208.)

1

BACKGROUND

On March 11, 2011, a jury convicted defendant of three counts of second degree robbery (Pen. Code, § 211;[1] counts one through three) as well as false imprisonment (§ 236; count four).  The jury also found true allegations that defendant had personally used a firearm (§ 12022.53, subd. (b)) in the commission of counts two and three and that defendant had personally used a firearm (§ 12022.5, subd. (a)(1)) during the commission of count four.  In a bifurcated proceeding, the trial court determined defendant had suffered two prior strikes.  (*People v. Fullmore et al.* (Nov. 13, 2013, C068389) [nonpub. opn.].)  The trial court struck one of defendant's prior strikes and sentenced him to an aggregate prison term of 37 years.  We upheld this judgment in an unpublished opinion issued in 2013.  (*Ibid.*)

On September 19, 2022, defendant filed a petition in propria persona for resentencing under former section 1170.  Defendant's petition referenced numerous legislative enactments, as well as a "Vargas motion (juvenile strike)" and a "Romero Motion to (strike my juvenile strike) juvenile adjudication."  While the petition generally referenced changes made to the trial court's discretion to impose a sentence exceeding the midterm, legislation invalidating prior prison enhancements, and amendments requiring dismissal of an enhancement if it is in the furtherance of justice, the petition did not request specific relief.

On October 12, 2022, the trial court dismissed defendant's petition on the grounds the court was without jurisdiction to modify defendant's sentence.  Defendant timely appealed.

---

[1]     Undesignated statutory references are to the Penal Code.

2

As this court explained in *People v. Chamizo* (2019) 32 Cal.App.5th 696: " 'A defendant may appeal from a final judgment of conviction or from any order after judgment which affects his or her substantial rights. ([ ]§ 1237.) "[J]udgment is synonymous with the imposition of sentence [citation] . . . ." (*People v. Perez* (1979) 23 Cal.3d 545, 549, fn. 2.)' (*People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725.)" (*Id.* at pp. 699-700.)

"Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced." (*People v. Karaman* (1992) 4 Cal.4th 335, 344.) Thus, once judgment is rendered, except for limited statutory exceptions that are inapplicable here (e.g., §§ 1170.126, 1170.18), the sentencing court is without jurisdiction to vacate or modify the sentence except pursuant to the provisions of former section 1170, subdivision (d) (now § 1172.1, subd. (a)(1)). (See, e.g., *Portillo v. Superior Court* (1992) 10 Cal.App.4th 1829, 1834-1836.)

Section 1172.1, subdivision (a)(1) currently provides: "When a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of the Department of Corrections and Rehabilitation or to the custody of the county correctional administrator pursuant to subdivision (h) of Section 1170, the court may, within 120 days of the date of commitment on its own motion, at any time upon the recommendation of the secretary . . . , recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence."

Thus, under current section 1172.1, subdivision (a)(1), a sentencing court may, on its own motion, recall and resentence a defendant subject to the express limitation that the court must act to recall the sentence within 120 days after committing the defendant to prison. (§ 1172.1, subd. (a)(1); see also *Dix v. Superior Court* (1991) 53 Cal.3d 442, 456

[analyzing former § 1170, subd. (d)].)  The trial court further maintains jurisdiction to act upon recommendations of the Secretary of the Department of Corrections and Rehabilitation (as well as other identified parties) to recall and resentence a defendant, provided the new sentence is not longer than the original.  (§ 1172.1, subd. (a)(1).)

Here, defendant was sentenced to prison on May 20, 2011.  On September 19, 2022, defendant filed his petition for resentencing under former section 1170.  This is over 11 years after the trial court sentenced defendant to prison, and thus, is outside the 120-day limitation on the trial court's own motion jurisdiction.  (*People v. Loper* (2015) 60 Cal.4th 1155, 1165-1166 [trial court's jurisdiction to entertain defendant's motion to recall under former § 1170, subd. (d) ended 120 days after the date of commitment]; *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1724-1725 [same].)

Under these circumstances, the trial court's dismissal of defendant's former section 1170 petition could not have impacted his substantial rights.  (See *People v. Loper, supra*, 60 Cal.4th at pp. 1165-1166 [because the court in *Chlad* lacked own-motion jurisdiction to resentence, its refusal to resentence could not have affected defendant's legal rights]; *People v. Chlad, supra*, 6 Cal.App.4th at p. 1726 [same]; see also *People v. Hernandez* (2019) 34 Cal.App.5th 323, 325-326 [denial of motion to strike firearm enhancement brought outside of 120-day window].)  Therefore, we must dismiss this appeal as being from a nonappealable order.  (*Chlad,* at p. 1726; *People v. Dynes* (2018) 20 Cal.App.5th 523, 528.)

DISPOSITION

The appeal is dismissed.


＿＿＿＿＿\s\＿＿＿＿＿＿＿＿＿＿,
McADAM, J.*


We concur:


＿＿＿＿＿\s\＿＿＿＿＿＿＿,
DUARTE, Acting P. J.


＿＿＿＿＿\s\＿＿＿＿＿＿＿,
BOULWARE EURIE, J.

---

*      Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.