Filed 6/6/23 P. v. Mendez CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B322637 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA063097) |
| v. | |
| FRANCISCO MENDEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Sean D. Coen, Judge. Affirmed in part, dismissed in part.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior

Assistant Attorney General, Noah P. Hill and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Francisco Mendez appeals from a postjudgment order denying his petition to vacate his murder conviction under Penal Code section 1172.6.[1] Defendant does not challenge the merits of the postjudgment order. Instead, he contends for the first time in this appeal that a portion of his sentence is unauthorized. The Attorney General contends, and we agree, that we have no jurisdiction to entertain defendant's contention. We dismiss this portion of defendant's appeal and affirm the order denying his petition.

## BACKGROUND

In 2002, a jury convicted defendant of first degree murder (§ 187, subd. (a)) and found true the allegation that defendant committed the murder for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)). The trial court sentenced defendant to 25 years to life for murder (§ 190, subd. (a)), and a consecutive 10 years for the true finding under the gang enhancement statute (§ 186.22, subd. (b)(1)(C)).

---

[1] Subsequent references to statutes are to the Penal Code.

In his direct appeal in 2003, defendant challenged (1) the sufficiency of evidence supporting his conviction for murder; (2) the legality of the jury instruction on the gang enhancement; and (3) the sufficiency of the evidence supporting the jury's true finding on the gang enhancement. We rejected these arguments and affirmed the judgment. (*People v. Francisco Mendez* (Apr. 25, 2003, B161165) [nonpub. opn.].)

On November 1, 2021, defendant filed a postjudgment petition to have his murder conviction vacated and to be resentenced on any remaining counts. (§ 1172.6, subd. (a).) In his petition, defendant alleged that he was convicted of first degree murder based on the felony-murder rule or the natural and probable consequences doctrine and could not now be convicted of murder based on changes to sections 188 and 189. The court appointed defendant counsel and received briefing by the parties. Following a hearing, the court found defendant had failed to make a prima facie case for relief because he was neither tried nor convicted of murder under the felony-murder rule or the natural and probable consequences doctrine. The court denied the petition.

Defendant filed a timely appeal.

## DISCUSSION

Defendant does not contest the merits of the trial court's order denying his section 1172.6 petition. Instead, he argues for the first time in this appeal that we must correct

3

an unauthorized portion of his sentence. He asserts that under the gang enhancement statute, the court should not have added a consecutive 10-year term to what was already a life sentence but instead should have imposed a minimum term of 15 years of parole eligibility. (§ 186.22, subds. (b)(1)(C), (b)(5).)[2] The Attorney General acknowledges the sentencing error, but contends that this court lacks jurisdiction to entertain defendant's contention. We agree with the Attorney General.

## A.    *The Order Denying Defendant's Section 1172.6 Petition*

Defendant filed a postjudgment petition to vacate his murder conviction under section 1172.6. This section provides jurisdiction for a trial court to conduct a resentencing proceeding to vacate convictions based on "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is

---

[2]    Under the gang enhancement statute, the court must impose an additional and consecutive term of 10 years for the commission of a violent felony. (§ 186.22, subd. (b)(1)(C).) The court may not impose an additional 10-year term under the statute for felonies "punishable by imprisonment in the state prison for life." (§ 186.22, subd. (b)(5).) For these offenses, the court must impose a minimum term of 15 calendar years of parole eligibility. (*Ibid.*) First degree murder is one offense not subject to the 10-year enhancement. (*People v. Lopez* (2005) 34 Cal.4th 1002, 1004, 1008.)

4

imputed." The procedures the trial court must follow in conducting the proceeding are outlined in Section 1172.6.

Upon the filing of a facially sufficient petition, the trial court must engage in a "limited" prima facie review. (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).) During this stage of the proceeding, the court "appoints counsel, if requested; the issue is briefed; and then the court makes one . . . prima facie determination." (*Id.* at p. 966; § 1172.6, subds. (b)-(c).) If the petitioner does not establish a prima facie case for relief under the statutory criteria, the court must deny the petition. (§ 1172.6, subd. (b); *Lewis, supra,* at p. 971.) If the court makes a prima facie finding, it must issue an order to show cause. (§ 1172.6, subd. (c).)

It is only after the court issues an order to show cause that it holds another hearing "to determine whether to *vacate* the murder, . . . conviction *and to recall the sentence and resentence the petitioner on any remaining counts* in the same manner as if the petitioner had not previously been sentenced, . . ." (§ 1172.6, subd. (d)(1), italics added; see *People v. Howard* (2020) 50 Cal.App.5th 727, 741 [in granting relief under section 1172.6, the court must "'vacate the underlying conviction and "any allegations and enhancements attached to the conviction"'"].)

Here, defendant filed a section 1172.6 petition to vacate his murder conviction and any allegations and enhancements attached to the conviction. The court issued an order denying his section 1172.6 petition at the prima facie stage of review. Despite filing a notice of appeal from

5

this order, defendant does not purport to challenge the court's prima facie inquiry or findings. We affirm the court's order.

**B.** *We Lack Jurisdiction to Consider Defendant's Claim*

Defendant's sole contention, raised for the first time in this appeal, is that the consecutive 10-year term of imprisonment imposed under the gang enhancement statute constitutes an unauthorized sentence. Defendant argues that an unauthorized sentence may be challenged at any time, even on appeal from the trial court's denial of his section 1172.6 petition. The Attorney General asserts that we lack jurisdiction to consider defendant's contention. We agree.

"'As a general rule, a criminal defendant who fails to object at trial to a purportedly erroneous ruling forfeits the right to challenge that ruling on appeal.' (*People v. Anderson* (2020) 9 Cal.5th 946, 961.) But there is an exception to this rule for an unauthorized sentence, . . . (*In re G.C.* (2020) 8 Cal.5th 1119, 1130 (*G.C.*).) 'The unauthorized sentence doctrine is designed to provide relief from forfeiture for "obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings." [Citation.] It applies when the trial court has imposed a sentence that "could not lawfully be imposed under any circumstance in the

particular case.'" (*Anderson*, [*supra*,] at p. 962.)" (*People v. Moore* (2021) 68 Cal.App.5th 856, 865 (*Moore*).)

"By permitting a defendant to challenge an unauthorized sentence on appeal even in the absence of an objection below, the unauthorized sentence rule constitutes a narrow exception to the *forfeiture doctrine* (*In re Sheena K.* (2007) 40 Cal.4th 875, 886–887), '"not to the *jurisdictional* requirement of a timely notice of appeal"' or other means of properly challenging the judgment of conviction. (*G.C.*, *supra*, 8 Cal.5th at p. 1129.) In order to invoke the unauthorized sentence rule in the first instance, our Supreme Court has held the reviewing court 'must have jurisdiction over the judgment.' (*G.C.*, [*supra*,] at p. 1130.)" (*Moore*, *supra*, 68 Cal.App.5th at p. 865; accord, *People v. King* (2022) 77 Cal.App.5th 629, 637 (*King*).) The unauthorized sentence doctrine does not itself create jurisdiction for an appellate court to rule on the legality of a sentence. (*Id.* at pp. 636-637; *Moore*, *supra*, at p. 866.)

Where, as here, execution of sentence has commenced and the judgment is final, the trial court is generally "deprived of jurisdiction to resentence" a criminal defendant. (*People v. Karaman* (1992) 4 Cal.4th 335, 344, citing *Dix v. Superior Court* (1991) 53 Cal.3d 442, 455; *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326.) To obtain resentencing on a final judgment, a defendant must file a petition for writ of habeas corpus (*G.C.*, *supra*, 8 Cal.5th at p. 1130), or proceed by way of a special statutory procedure

(e.g., §§ 1170, subd. (d)(2), 1170.18, 1170.91, 1170.12, 1172.1, 1172.2, 1172.6, 1172.7).

As discussed, section 1172.6 confers limited, specified jurisdiction on a trial court. (Accord, *People v. Howard* (1997) 16 Cal.4th 1081, 1089 [§ 1170, subd. (d)]; *People v. Dynes* (2018) 20 Cal.App.5th 523, 528 [Proposition 57]; *People v. Clark* (2017) 8 Cal.App.5th 863, 873 [§ 1170.126]; see *Abelleira v. District Court of Appeal, Third Dist.* (1941) 17 Cal.2d 280, 288 ["[T]hough the court has jurisdiction over the subject matter and the parties in the fundamental sense, it [may not have] 'jurisdiction' (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites"].) Pursuant to that statute, the court could only determine whether defendant made a prima facie showing that he was convicted of first degree murder under a now invalid theory of liability, such as the felony-murder rule or natural and probable consequences doctrine. Because defendant's record of conviction refuted the allegations in his petition as a matter of law, the court could do nothing but deny his petition. (*Lewis, supra,* 11 Cal.5th at p. 971; see *People v. Harden* (2022) 81 Cal.App.5th 45, 52 ["if the record shows that the jury was not instructed on either the natural and probable consequences or felony-murder doctrines, then the petitioner is ineligible for relief as a matter of law"].)

In other words, to the extent that section 1172.6 provides for resentencing, it is resentencing only for petitioners who meet the statutory criteria for relief

8

pursuant to section 1172.6. But where no prima facie showing has been made that the petitioner was tried or convicted under a now invalid theory of homicide liability, section 1172.6 grants the trial court no power to do anything but deny the petition. (Accord, *People v. Brown* (2014) 230 Cal.App.4th 1502, 1511-1512 [reaching same result under § 1170.126].) We therefore agree with the Attorney General that the trial court lacked jurisdiction to consider defendant's claim of sentencing error at this stage of the underlying proceeding. (See *Moore, supra,* 68 Cal.App.5th at p. 866.)[3]

In sum, we conclude that the trial court lacked jurisdiction to consider defendant's claim of sentencing error, and as a result, we also lack jurisdiction to entertain defendant's claim in this appeal. (*King, supra,* 77 Cal.App.5th at p. 633; accord, *Moore, supra,* 68 Cal.App.5th at p. 866.) We therefore dismiss the portion of defendant's appeal purporting to challenge an unauthorized sentence. (*People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208.) Defendant is not without recourse, as he remains free to challenge his

---

[3]     We express no opinion on a trial court's authority to correct an unauthorized sentence after issuing an order to show cause and vacating a conviction under section 1172.6, subdivision (d). (See *People v. Padilla* (2022) 13 Cal.5th 152, 161-163 [upon proof that a defendant is entitled to resentencing on collateral review, "the result is vacatur of the original sentence, whereupon the trial court may impose any appropriate sentence"].)

sentence in a petition for a writ of habeas corpus. (See *King*, *supra*, at p. 640.)

## DISPOSITION

The order denying defendant's petition for resentencing under section 1172.6 is affirmed. The portion of defendant's appeal purporting to challenge as unauthorized the 10-year term of imprisonment imposed under section 186.22, subdivision (b)(1)(C) is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MORI, J.

We concur:

CURREY, Acting P. J.

COLLINS, J.

10