Filed 7/31/24  P. v. Bueno CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D083046 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD168469) |
| FIDEL JUNIOR BUENO III, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, John M. Thompson, Judge.  Appeal dismissed.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

Fidel Junior Bueno III brought a petition for resentencing under a variety of statutes, Senate Bills, and Assembly Bills.  After not receiving a

response from the court, Bueno sent a copy of that petition to the San Diego District Attorney's Office. The district attorney's office forwarded the petition to San Diego Superior Court with a brief cover letter. The superior court issued an order denying the petition without prejudice, explaining why Bueno was not entitled to relief and indicating that the court would take "no further action."

Bueno appeals the order, focusing entirely on Penal Code[1] section 1172.1 and arguing the court improperly concluded it lacked jurisdiction to hear the petition under that statute. Because we conclude the trial court had no jurisdiction to recall Bueno's sentence, the order denying his petition and taking no further action was not an appealable order. We therefore dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts of Bueno's crime are immaterial to the issue raised on appeal. Suffice it to say, in 2002, he attempted to kill three different individuals and fired a gun at an occupied dwelling. In 2003, Bueno pleaded guilty to three counts of attempted murder and admitted to firearm and gang enhancements as to two of those counts. He also pleaded guilty to shooting at an inhabited building. The court sentenced Bueno to 40 years in state prison.

In 2023, Bueno filed a petition for resentencing under a variety of statutes, including section 1172.1, as well as multiple Senate Bills and Assembly Bills, in which he claimed to be entitled to sentencing relief under various, new ameliorative sentencing laws. A few months later, having heard nothing from the superior court on his petition, Bueno filed another copy of the petition with a request for ruling. He also sent a copy of the petition to

---

[1] Statutory references are to the Penal Code unless otherwise specified.

2

the district attorney's office. The district attorney's office then sent a letter to the superior court, notifying it of Bueno's petition, appending a copy of the petition to the letter, and referring the petition to the court for action.[2]

In September of 2023, the court filed an order denying the petition without prejudice. In doing so, the court detailed why the various statutes and changes in the sentencing laws did not apply to Bueno. Moreover, as relevant to the arguments Bueno raises here, the court rejected Bueno's claim that the district attorney's letter served as a recommendation for sentence modification under section 1172.1. To this end, the court stated: "As more than 120 days has elapsed since the date of commitment and no recommendation for recall of sentence has been submitted, the court finds it does not have the legal authority to modify the sentence."

In addition, toward the end of the minute order, the court underscored: "Based on the foregoing, no further action will be taken on Defendant's motion for modification of his sentence."

Bueno timely filed a notice of appeal.

DISCUSSION

Bueno contends that the district attorney's letter notifying the court of his resentencing petition served as a request for resentencing in accordance with the procedure required by section 1172.1. The People disagree, asserting that the district attorney's letter was merely a generic notification letter. We agree with the People.

"Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence

---

[2] Specifically, the letter stated: "The petition was received by the Office of the District Attorney and based on the requests made it should be referred to the court for action."

3

has commenced." (*People v. Karaman* (1992) 4 Cal.4th 335, 344.)  In this case, execution of Bueno's sentence commenced in 2003.  Thus, the trial court had no jurisdiction to resentence Bueno in 2023.  (*Ibid*.)  And, if the trial court had no jurisdiction to resentence defendant, then its order denying resentencing " 'is nonappealable, and any appeal from such an order must be dismissed.' " (*People v. King* (2022) 77 Cal.App.5th 629, 634; see also *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135 [because trial court lacked jurisdiction to modify the defendant's sentence, order denying motion to modify is not an appealable order].)  The trial court had no jurisdiction to resentence Bueno, and its order declining to do so is thus not appealable so this appeal must be dismissed.

There are exceptions to the common law rule that the trial court is deprived of jurisdiction to resentence a defendant once execution of the sentence has commenced, and section 1172.1 is one such exception.  (*People v. King*, *supra*, 77 Cal.App.5th at p. 637.)  Section 1172.1 establishes a court's authority to recall a sentence and to resentence a defendant.  (*Ibid*.)  Subdivision (a)(1) specifically provides that within 120 days or at any time there has been a change to the sentencing law in effect at the time of judgment, the court can, on its own motion, recall the sentence; and it can recall the sentence any time upon the recommendation of the correctional administrator where the defendant is housed, or upon the recommendation of the prosecutor.  (*Id*., subd. (a)(1).)  Thus, the only authorized petitioners for sentencing recall are the correctional administrators and prosecutors.  (*Ibid*.)  Additionally, pursuant to subdivision (c), a defendant is not entitled to file a petition seeking relief from the court.  (*Id*., subd. (c).)  And if a defendant does file such a petition, the court need not take any action in response to it.  (*Ibid*.)

Here, the trial court's 120-day limit to resentence Bueno had long passed and the court had not recalled Bueno's sentence under its own motion based on a change in the sentencing laws.  Therefore, the trial court could only act upon the recommendation of the Department of Corrections and Rehabilitation (CDCR) or the district attorney.  (§ 1172.1, subd. (a)(1).)  The trial court found that the district attorney's August 10, 2023, letter was not a recommendation for resentencing made pursuant to section 1172.1, and we agree.  The letter was sent by the district attorney to the superior court only after Bueno sent his petition to the district attorney because Bueno had not yet heard from the court.  Moreover, the letter does not mention, cite, or quote section 1172.1, and it does not recommend that the trial court recall defendant's sentence and resentence him under the current law.  This makes sense because the petition did not rely on only section 1172.1, but on multiple statutes and changes to the law.  Thus, a generic cover letter as used by the district attorney's office here was no more than providing a courtesy copy of a petition that Bueno had sent to it.  Indeed, the letter does not contain the words "recall," "resentence," or any variations thereof.

In *People v. Magana*, the court found a similar letter from the Department of Corrections and Rehabilitation did not constitute a recommendation that a defendant's sentence be recalled because it did not reference section 1172.1, it did not use the terms " 'recall' " or " 'resentencing,' " and it merely asked the trial court "to determine whether 'a correction is required.' "  (*People v. Magana* (2021) 63 Cal.App.5th 1120, 1125; see also *People v. Humphrey* (2020) 44 Cal.App.5th 371, 373, 378 [letter from CDCR stating abstract of judgment " 'may be in error' " "made no reference to the court's authority to recall the defendant's sentence under section [1172.1]"].)  Because we agree there was no recommendation

5

from the district attorney to recall defendant's sentence, we also agree the trial court had no jurisdiction to resentence defendant pursuant to section 1172.1.  The court had not, on its own motion, sought to resentence Bueno based upon changes in the law.  (See § 1172.1, subd. (a).)  Additionally, Bueno was not entitled to petition for relief under section 1172.1, and the court did not have to respond to Bueno's petition.  (*Id*., subd. (c).)  Because the court lacked jurisdiction to address Bueno's petition under section 1172.1 and the court chose not to respond further to the petition, Bueno is attempting to appeal an unappealable order.  As such, his appeal must be dismissed.

In addition, our analysis does not change if we consider Assembly Bill No. 600 (2023-2024 Reg. Sess.) as Bueno urges us to do.  Assembly Bill No. 600 was enacted on January 1, 2024 and amended section 1172.1 to allow a court, on its own motion, to recall and resentence a defendant "at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law . . . ."  (§ 1172.1 subd. (a)(1).)  However, Bueno does not point to any change in sentencing law that was applicable to him that would allow the court to recall and resentence him under revised section 1172.1.  Thus, he has not shown that the court had jurisdiction under section 1172.1, subdivision (a)(1) as revised by Assembly Bill No. 600.

In summary, the right to appeal is statutory and an order is not appealable unless made so by statute.  (*People v. Mazurette* (2001) 24 Cal.4th 789, 792.)  In a criminal case, a defendant may appeal "any order made after judgment, affecting [his] substantial rights."  (§ 1237, subd. (b).)  Where the provision of law invoked by the defendant does not authorize the trial court to resentence him, an order denying his motion for resentencing

6

does not affect his substantial rights and is not appealable. (See *People v. Dynes* (2018) 20 Cal.App.5th 523, 528; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208; *People v. Chlad* (1991) 6 Cal.App.4th 1719, 1725–1726.)

Because more than 120 days has passed, there was no recommendation for resentencing, and no sentencing laws relevant to Bueno's sentence have changed, the order denying the motion for resentencing does not affect Bueno's substantial rights and is not appealable.

DISPOSITION

The appeal is dismissed.


HUFFMAN, Acting P. J.

WE CONCUR:


KELETY, J.


CASTILLO, J.


7