Filed 12/13/22 P. v. Badillo CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C096004 |
| Plaintiff and Respondent, | (Super. Ct. No. STKCRFECOD20150007401) |
| v. | |
| JOE BADILLO, | |
| Defendant and Appellant. | |

Appointed counsel for defendant, Joe Badillo, has asked this court to review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 for arguable issues in his appeal from the denial of his motions for the trial court to reconsider its decision not to recall defendant's sentence and for affirmative recall of his sentence under former Penal Code section 1170, subdivision (d) (§ 1170(d)). (Statutory section citations that follow are found in the Penal Code unless otherwise stated.) For the reasons set forth herein, we dismiss the appeal.

1

## FACTS AND HISTORY OF THE PROCEEDINGS

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

The People's August 27, 2015, indictment charged defendant with five counts of second degree robbery (§ 211; counts one-five) and alleged that defendant had personally used a firearm in the commission of those offenses (§ 12202.53, subd. (b)).

On December 14, 2015, defendant resolved this case by pleading guilty to counts one and two and admitting the personal firearm use enhancement associated with count one.  In exchange, defendant was to receive a sentence of 13 years in prison comprised of the low term for count one, plus 10 years for the firearm enhancement, plus one-third the midterm for count two consecutive.  Counts three and four would be dismissed with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.  Count five would be dismissed and the remaining firearm enhancement allegations would be stricken.  Defendant was sentenced the same day in accordance with his plea agreement.  Defendant did not appeal this sentence, which became final in 2016 when the time to seek certiorari in the Supreme Court of the United States passed.  (See *People v. Lizarraga* (2020) 56 Cal.App.5th 201, 206 ["A 'judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed' "].)

On April 9, 2021, the trial court received a section 1170(d) letter from the Secretary of the Department of Corrections and Rehabilitation recommending the trial court recall defendant's sentence and resentence him in light of legislative changes providing the trial court discretion to strike defendant's firearm enhancement.  (See §§ 1385, 12022.53, subd. (h).)

On August 24, 2021, the trial court issued a written order refusing to recall defendant's sentence.  This order highlighted that defendant's sentence was the result of a negotiated disposition wherein defendant had received the benefit of dismissal of

2

additional robbery charges and gun enhancements. Further, after consideration of its file, supplemental materials, and the record, the court found "no reason to recall or resentence defendant." Defendant did not appeal this decision.

Thereafter, on November 23, 2021, defendant filed a motion for the trial court to reconsider its refusal to recall his sentence (citing Code Civ. Proc., § 1008 and the court's inherent authority). This motion argued two cases decided since the trial court's denial supported the Secretary's resentencing recommendation, as they made clear the trial court was empowered to apply ameliorative amendments in a section 1170(d) context (*People v. Cepeda* (2021) 70 Cal.App.5th 456) and that the trial court was not prevented from resentencing by virtue of defendant's resolution of the case by plea bargain (*People v. Pillsbury* (2021) 69 Cal.App.5th 776).

On December 27, 2021, defendant filed a separate section 1170(d) motion reiterating his request that the trial court recall his sentence and strike the firearm enhancement. This motion highlighted the passage of Assembly Bill No. 1540 (2021-2022 Reg. Sess.), which as of January 1, 2022, moved the provisions of section 1170(d) to newly created section 1170.03. (Stats. 2021, ch. 719, §§ 3.1, 6.) This legislation also established a presumption in favor of recalling a defendant's sentence where the Secretary so recommends. (§ 1170.03, subd. (b)(2); see also *People v. McMurray* (2022) 76 Cal.App.5th 1035, 1038.) The People opposed defendant's motions arguing on the merits that defendant posed an unreasonable risk of danger to the public such that even under the amended law his sentence should not be recalled (§ 1170.03, subd. (b)(2)).

On March 30, 2022, the trial court held a hearing concerning defendant's motions. After listening to defendant's family and following arguments from the parties, the court denied defendant's motions without addressing the court's jurisdiction to recall the sentence at that procedural juncture. Rather, the court found that even considering the newly created presumption in favor of recall, defendant's commission of five armed robberies in a week's time, as well as other aggravating factors, established he was still

an unreasonable risk to public safety. Defendant timely appealed this postjudgment order.

The Legislature passed Assembly Bill No. 200 (2021-2022 Reg. Sess.) renumbering section 1170.03 as section 1172.1, effective June 30, 2022, but made no further substantive changes. (See Stats. 2022, ch. 58, § 9.)

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests that this court review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed, but he has not done so. We conclude we must dismiss this appeal.

*Appealability*

First, it is not clear that defendant has appealed from an appealable order. As this court explained in *People v. Chamizo* (2019) 32 Cal.App.5th 696: " 'A defendant may appeal from a final judgment of conviction or from any order after judgment which affects his or her substantial rights. ([ ]§ 1237.) "[J]udgment is synonymous with the imposition of sentence [citation] . . . ." (*People v. Perez* (1979) 23 Cal.3d 545, 549, fn. 2.)' (*People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725.)" (*Chamizo*, at pp. 699-700.)

"Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced." (*People v. Karaman* (1992) 4 Cal.4th 335, 344.) Thus, once judgment is rendered, except for limited statutory exceptions (e.g., §§ 1170.126, 1170.18), the sentencing court is without jurisdiction to vacate or modify the sentence except pursuant to the provisions of former section 1170(d) (now section 1172.1(a)(1)). (See, e.g., *Portillo v. Superior Court* (1992) 10 Cal.App.4th 1829, 1834-1836.)

4

Section 1172.1, subdivision (a)(1) currently provides: "When a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of the Department of Corrections and Rehabilitation or to the custody of the county correctional administrator pursuant to subdivision (h) of Section 1170, the court may, within 120 days of the date of commitment on its own motion, at any time upon the recommendation of the secretary . . . , recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence." This language mirrors section 1170.03, subdivision (a)(1), which was in effect when the trial court ruled on defendant's motions.

Thus, under current section 1172.1, subdivision (a)(1), a sentencing court may, on its own motion, recall and resentence a defendant subject to the express limitation that the court must act to recall the sentence within 120 days after committing the defendant to prison. (§ 1172.1, subd. (a)(1); see also *Dix v. Superior Court* (1991) 53 Cal.3d 442, 456 [analyzing former § 1170(d)].) The trial court further maintains jurisdiction to act upon recommendations of the Secretary of the Department of Corrections and Rehabilitation (as well as other identified parties) to recall and resentence a defendant, provided the new sentence is not longer than the original. (§ 1172.1, subd. (a)(1).)

Here, defendant was sentenced to prison on December 14, 2015. On August 24, 2021, the trial court refused to exercise its discretion to recall defendant's sentence in response to the Secretary's recommendation made pursuant to former section 1170(d). Defendant did not appeal this decision, which would have been an appealable order. (*People v. Mendez* (2021) 69 Cal.App.5th 347, 353.)

Some three months later, defendant filed a motion asking the trial court to reconsider its refusal to exercise its former section 1170(d) discretion. The next month, defendant separately motioned the court under former section 1170(d) to recall his sentence and strike the firearm enhancement, highlighting the passage of Assembly Bill

5

No. 1540 (2021-2022 Reg. Sess.). It is unclear whether denial of these motions should be tied to the trial court's jurisdiction to hear recall requests from the Secretary or whether the court was without jurisdiction because the court had lost its own-motion jurisdiction. (Cf. *People v. Loper* (2015) 60 Cal.4th 1155, 1165-1166 [trial court's jurisdiction to entertain defendant's motion to recall under former § 1170(d) ended 120 days after the date of commitment]; *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1724-1725 [same].)

If we treat denial of these motions as being outside of the court's own-motion jurisdiction, then denial of them did not impact defendant's substantial rights. (See *People v. Loper, supra*, 60 Cal.4th at pp. 1165-1166 [because court in *Chlad* lacked own-motion jurisdiction to resentence, its refusal to resentence could not have affected defendant's legal rights]; *People v. Chlad*, *supra*, 6 Cal.App.4th at p. 1726 [same]; see also *People v. Hernandez* (2019) 34 Cal.App.5th 323, 325-326 [denial of motion to strike firearm enhancement brought outside of 120-day window].) This would require dismissal of the appeal as being from a nonappealable order. (*Chlad*, at p. 1726; *People v. Dynes* (2018) 20 Cal.App.5th 523, 528.)

Nonetheless, we will not ultimately decide this issue because we conclude defendant's appeal must be dismissed for another reason.

*Abandonment*

Review pursuant to *Wende* or its federal constitutional counterpart *Anders v. California* (1967) 386 U.S. 738 is required only in the first appeal of right from a criminal conviction. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555; *Conservatorship of Ben C*. (2007) 40 Cal.4th 529, 536-537; *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501.) Our Supreme Court is currently considering whether, and to what extent, this limited right to review extends to appeals from postjudgment orders such as this one. (See *People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], review granted Feb. 17, 2021, S266305.)

6

In the interim, we follow the numerous intermediate courts that have agreed a defendant appealing from an order denying postconviction relief is not entitled to our independent review of the record pursuant to *Wende*. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039, review granted Oct. 14, 2020, S264278; *People v. Figueras* (2021) 61 Cal.App.5th 108, 112-113, review granted May 12, 2021, S267870; *People v. Freeman* (2021) 61 Cal.App.5th 126, 133; *People v. Serrano, supra*, 211 Cal.App.4th at p. 503.)

Because defendant has neither raised any claims of error through counsel nor individually raised any claims of error, we deem the appeal abandoned and will dismiss the appeal. (See *People v. Cole, supra*, 52 Cal.App.5th at p. 1039, review granted; *People v. Figueras, supra*, 61 Cal.App.5th at pp. 112-113, review granted.)

DISPOSITION

The appeal is dismissed.

 

 

_____

HULL, J.

I concur:

_____

ROBIE, Acting P. J.

7

DUARTE, J., Concurring.

I concur in the result. I would dismiss this appeal for lack of jurisdiction.


_____
DUARTE, J.