Filed 11/5/20  P. v. Stroupe CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C089636 |
| v. | (Super. Ct. No. 14F07830) |
| DAYVON TERRELL STROUPE, | |
| Defendant and Appellant. | |

Defendant Dayvon Stroupe filed a notice of appeal from the trial court's denial of his postjudgment petition for resentencing under Penal Code section 1170.95.[1]  Stroupe contends the trial court erred in denying the petition, whereas the Attorney General

---

[1] Undesignated statutory references are to the Penal Code.

argues the trial court was without jurisdiction to consider his petition by virtue of his pending appeal challenging the underlying judgment. Agreeing with the Attorney General, we will dismiss this appeal for want of jurisdiction.

A jury convicted Stroupe of first degree murder with a robbery-murder special circumstance and the trial court sentenced him to life without the possibility of parole. While Stroupe's direct appeal of his conviction was pending in this court (case No. C086068), Stroupe, representing himself, filed a form postjudgment petition for resentencing, asking the trial court for resentencing under newly-enacted section 1170.95. (Senate Bill No. 1437 (2017-2018 Reg. Sess.); Stats. 2018, ch. 1015, § 4.) With the appeal still pending, the trial court denied Stroupe's petition, finding that Stroupe is not eligible for relief on the merits under section 1170.95.

"Once a notice of appeal is filed, jurisdiction vests in the appellate court until the appeal is decided on the merits and a remittitur issues." (*People v. Martinez* (2019) 31 Cal.App.5th 719, 729.) Thus, a defendant with a pending appeal who wishes to seek immediate relief in the trial court under section 1170.95 must seek a temporary stay of the direct appeal from the conviction. (*Martinez,* at p. 729.) There is no concurrent jurisdiction to consider a section 1170.95 motion. (*People v. Anthony* (2019) 32 Cal.App.5th 1102, 1156.) As Stroupe did not seek a temporary stay of the appeal or wait until after the appeal was final, the trial court was without jurisdiction to consider his section 1170.95 petition. Because the trial court did not have jurisdiction to consider Stroupe's postjudgment petition, the trial court's order denying Stroupe's petition did not affect Stroupe's substantial rights, and we must dismiss this appeal as being from a nonappealable order. (See *People v. Chamizo* (2019) 32 Cal.App.5th 696, 700-701 [dismissing defendant's appeal from denial of a request to modify his sentence over which the trial court did not have jurisdiction].)

2

## DISPOSITION

The Attorney General's request for judicial notice of the record on appeal and file of Stroupe's pending appeal in case No. C086068 is granted. This appeal is dismissed.


_____/S/_____
MAURO, Acting P. J.


We concur:


_____/S/_____
MURRAY, J.


_____/S/_____
RENNER, J.

3