Filed 12/31/20  P. v. Rios CA3
Opinion following rehearing

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C086711 |
| Plaintiff and Respondent, | (Placer Super. Ct. No. 62155609) |
| v. | |
| ARMANDO DAVID RIOS, | OPINION ON REHEARING |
| Defendant and Appellant. | |

Defendant Armando David Rios pleaded no contest to possession of methamphetamine for sale (Health & Saf. Code, § 11378)[1] and admitted an enhancement for a prior conviction for selling methamphetamine (§ 11370.2, subd. (c)).  He was sentenced to a stipulated four-year four-month split term consisting of 20 months in jail and 32 months of mandatory supervision.

---

[1]     Undesignated statutory references are to the Health and Safety Code.

1

After defendant subsequently admitted to violating the terms of his mandatory supervision, the trial court imposed 120 days of custody with 96 days of credit. The court subsequently denied his motion to dismiss the enhancement pursuant to Senate Bill No. 180 (Senate Bill 180).

On appeal, defendant contends the trial court erred in denying his motion to dismiss the enhancement. In our original opinion, we found the trial court lacked jurisdiction to rule on the motion because defendant's conviction was already final as to the enhancement, and accordingly dismissed the appeal.

The California Supreme Court subsequently granted defendant's petition for review and transferred the case back to us with directions to vacate our opinion and reconsider the cause in light of a case decided after our original opinion, *People v. McKenzie* (2020) 9 Cal.5th 40 (*McKenzie*). On remand, we first concluded *McKenzie* did not require us to abandon or change our original conclusion. We afterward granted rehearing on our own motion and ordered supplemental briefing on appellate decisions addressing this issue that were decided around the time of our original decision on remand. After considering these decisions, we conclude that under *McKenzie* and authority it applied, a split sentence is not a final judgment for the purpose of applying the retroactivity rule of *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*). Since the trial court retains power to modify the judgment until mandatory supervision is terminated, under *McKenzie*, defendant's split sentence is not final and he is therefore entitled to retroactive application of Senate Bill 180. We shall reverse the order denying the motion to dismiss the section 11370.2 enhancement, and remand with directions to dismiss the enhancement and resentence defendant.

2

Defendant pleaded no contest on February 23, 2016, and was sentenced the same day.[3] At the time of his sentencing, section 11370.2, subdivision (c) authorized a three-year enhancement for a defendant convicted of possession or possession for sale of certain controlled substances "for each prior felony conviction of, or for each prior felony conviction of conspiracy to violate, Section 11380, whether or not the prior conviction resulted in a term of imprisonment." (Former § 11370.2, subd. (c); Stats. 1998, ch. 936, § 1.) Defendant did not appeal his conviction.

In October 2017, the Governor signed Senate Bill 180, which amended section 11370.2 by removing most of the drug offenses that gave rise to a three-year enhancement. (Stats. 2017, ch. 677, § 1.) As of January 1, 2018, only a prior conviction where the defendant used a minor in its commission (§ 11380) gives rise to such an enhancement. (Stats. 2017, ch. 677, § 1.) Defendant does not have a prior conviction for a violation of section 11380.

Defendant admitted to violating his mandatory supervision on February 6, 2018. He also moved to dismiss the enhancement in light of the changes to section 11370.2 following Senate Bill 180. The trial court denied the motion, finding Senate Bill 180 did not apply to him because his conviction was final before it took effect.

Defendant contends Senate Bill 180 applied retroactively to his case when he made his motion. Since his section 11370.2 enhancement is no longer applicable to him under the amended statute, he concludes that it should be dismissed.

---

[2] We dispense with the facts of defendant's crime as they are not relevant to this appeal. We incorporate additional relevant procedural facts in our analysis of defendant's contention.

[3] Defendant was originally sentenced in Sacramento County Superior Court. His case was transferred to Placer County on August 28, 2017. The transfer has no bearing on the merits of this case.

A penal statute generally does not apply retroactively unless the legislation expressly states its retroactive effect or if there is "a clear and compelling implication" that the Legislature intended such a result. (*People v. Hayes* (1989) 49 Cal.3d 1260, 1274; Pen. Code, § 3.) There is an exception to this rule for statutes reducing the punishment for crime, which, absent a statement to the contrary, apply retroactively to all cases that were not final when the legislation takes effect. (*Estrada, supra,* 63 Cal.2d at p. 744.)

Senate Bill 180 contains no statement regarding retroactivity. (*People v. Chamizo* (2019) 32 Cal.App.5th 696, 700.) As a measure decreasing punishment for crime, it applies to all cases not final on its effective date.

Defendant argues his sentence was not final when he made his motion because the trial court retained the authority to revoke, modify, or terminate his mandatory supervision pursuant to Penal Code sections 1170, subdivision (h), 1203.2, subdivisions (a) and (b), and 1203.3.

Penal Code section 1170, subdivision (h)(5) authorizes imposition of a split sentence under which the sentence is served "partly in county jail and partly under the mandatory supervision of the county probation officer." (*People v. Scott* (2014) 58 Cal.4th 1415, 1418-1419.) A trial court has "authority at any time during the term of mandatory supervision . . . to revoke, modify, or change the conditions of the court's order suspending the execution of the concluding portion of the supervised person's term." (Pen. Code, § 1203.3, subd. (a).)

*McKenzie* addressed the following question: "[W]hether a convicted defendant who is placed on probation after imposition of sentence is suspended, and who does not timely appeal from the order granting probation, may take advantage of ameliorative statutory amendments that take effect during a later appeal from a judgment revoking probation and imposing sentence." (*McKenzie, supra*, 9 Cal.5th at p. 43.) In November 2014, the defendant in *McKenzie* was placed on probation with imposition of sentence

4

suspended following his plea to various felony drug offenses and admitting four prior section 11370.2 drug convictions. (*McKenzie,* at p. 43.) Probation was revoked and the defendant sentenced to prison in June 2016. (*Ibid.*) About a month after the Court of Appeal affirmed the conviction with minor modifications, Senate Bill 180 was signed; the defendant petitioned for review; the Supreme Court granted review and remanded with directions to vacate and consider Senate Bill 180. (*McKenzie,* at pp. 43-44.) The Court of Appeal held the defendant could take advantage of the revised section 11370.2, and the Supreme Court granted the Attorney General's petition for review. (*McKenzie,* at p. 44.)

As we have found in this case, the Supreme Court concluded the changes to section 11370.2 applied retroactively to nonfinal judgments under *Estrada.* (*McKenzie, supra,* 9 Cal.5th at pp. 44-45.) The Attorney General argued the relevant cutoff point for determining finality under *Estrada* was the defendant's initial plea to the crimes and the section 11370.2 enhancements. (*McKenzie,* at p. 46.) The Supreme Court found the Attorney General erred in assuming the term " 'judgment of conviction' " as used in *Estrada* referred "only to 'underlying' convictions and enhancement findings, exclusive of sentence. In criminal actions, the terms 'judgment' and " 'sentence' " are generally considered 'synonymous' [citation], and there is no 'judgment of conviction' without a sentence [citation]." (*McKenzie,* at p. 46.) In addition, the Attorney General's argument was also inconsistent with cases holding that an order granting probation may by itself be final for the purposes of filing an appeal, but was not, by itself, deemed a final judgment for any other purpose. (*Id.* at pp. 46-47; see, e.g., *People v. Superior Court (Giron)* (1974) 11 Cal.3d 793, 796; *People v. Flores* (1974) 12 Cal.3d 85, 94.)

Based on this analysis, the Supreme Court held that the defendant's failure to appeal from the original order granting probation did not preclude him from receiving the benefit of Senate Bill 180. (*McKenzie, supra,* 9 Cal.5th at p. 48.) In coming to this conclusion, the Supreme Court found that " ' "when the [L]egislature repeals a criminal

5

statute or otherwise removes the State's condemnation from conduct that was formerly deemed criminal, this action requires the dismissal of a pending criminal proceeding charging such conduct. The rule applies to any such proceeding which, at the time of the supervening legislation, has not yet reached final disposition in the highest court authorized to review it." ' [Citation.]" (*Id*. at p. 45.) The Supreme Court also rejected various arguments from the Attorney General based on sentencing policy and estoppel. (*Id*. at pp. 48-51.) It found that rejecting the estoppel argument was consistent with *Estrada* and the legislative intent of Senate Bill 180 to repeal an extreme punishment so as to free up funds to invest in other means of reducing crime and to reduce racial disparity in sentencing. (*McKenzie,* at p. 51.) The Supreme Court concluded the Court of Appeal was correct to apply Senate Bill 180 to defendant and affirmed. (*McKenzie,* at pp. 51, 52.)

Three published cases have applied *McKenzie* in situations similar to the one here, with each finding the sentence is not final for the purposes of retroactive application of an ameliorative change in the law under *Estrada*. In *People v. Contreraz* (2020) 53 Cal.App.5th 965 (*Contreraz*), the defendant did not appeal from a judgment granting probation and imposing a 10-year prison term with execution suspended. (*Id.* at pp. 968-969.) Senate Bill No. 620, which gave courts the discretion to strike firearm enhancements, took effect after this judgment became final, but before the defendant's probation was terminated and the original sentence executed. (*Contreraz,* at pp. 967-968.) The Supreme Court vacated the original appellate opinion and transferred the case to the Court of Appeal for reconsideration in light of *McKenzie*. (*Contreraz,* at p. 968.) Applying *McKenzie*, *Contreraz* concluded Senate Bill No. 620 applied to the defendant's sentence. (*Contreraz,* at p. 968.)

The Court of Appeal looked to a case *McKenzie* relied on, *People v. Chavez* (2018) 4 Cal.5th 771 (*Chavez*). (*Contreraz, supra*, 53 Cal.App.5th at p. 971.) The court relied on the following passage from *Chavez*: " '[G]oing as far back as *Stephens v.*

6

*Toomey* (1959) 51 Cal.2d 864, we have explained that neither forms of probation—suspension of the imposition of sentence or suspension of the execution of sentence—results in a final judgment.' [Citation.] 'In a case where a court suspends imposition of sentence, it pronounces no judgment at all, and a defendant is placed on probation with "no judgment pending against [him or her]" [Citation.] In the case where the court suspends execution of sentence, the sentence constitutes "a judgment provisional or conditional in nature." [Citation.] The finality of the sentence "depends on the outcome of the probationary proceeding" and "is not a final judgment" at the imposition of sentence and order to probation.' [Citation.] There is no final judgment in either of these situations because '[d]uring the probation period, the court retains the power to revoke probation and sentence the defendant to imprisonment' under [Penal Code] sections 1203.2 and 1203.3. [Citation.] '[T]he court's power to punish the defendant, including by imposing imprisonment, continues during the period of probation.' [Citation.]" (*Contreraz*, at p. 971, quoting *Chavez*, at pp. 781, 782.) The *Contreraz* court concluded that since the trial court "retained the power to revoke [the defendant's] probation and order the remainder of his sentence executed," the case was not final under *Estrada* when Senate Bill No. 620 took effect. (*Contreraz*, at pp. 971-972.)

*People v. Conaster* (2020) 53 Cal.App.5th 1223 (*Conaster*) addressed the situation presented here, whether a split term was final under *Estrada* when Senate Bill 180 took effect after the judgment imposing the split term was final. (*Conaster,* at pp. 1225-1226, 1227.) On transfer from the Supreme Court in light of *McKenzie*, the Court of Appeal found the case was not final and Senate Bill 180 applied to the defendant's sentence. (*Conaster,* at p. 1226.) As in *Contreraz*, the *Conaster* court relied on language in *Chavez* describing how a trial court retains jurisdiction when probation is imposed, even in cases where the sentence is imposed with execution suspended. (See *Conaster,* at pp. 1228-1229.) Finding a broad application of *Estrada* consistent with its ameliorative principles,

as stated in *McKenzie*, the *Conaster* court concluded Senate Bill 180 applied to the defendant's split term. (*Conaster,* at pp. 1229-1230.)

The third case, *People v. Martinez* (2020) 54 Cal.App.5th 885, addressed whether legislation eliminating most applications of the prior prison term enhancement (Pen. Code, § 667.5, subd. (b)) applied to a split sentence imposed before the legislation took effect. (*Martinez*, at p. 889.) As with *Contreraz* and *Conaster*, the *Martinez* court concluded that, after transfer in light of *McKenzie,* the defendant's case was not final under *Estrada*. (*Martinez,* at p. 889.) The *Martinez* court relied on similar reasoning from *McKenzie* and *Chavez* in reaching the same conclusion as the *Contreraz* and *Conaster* courts. (See *Martinez,* at pp. 893-894.)

We are persuaded by these three decisions. Although *McKenzie* is not directly on point, as no sentence had been imposed in that case, the Supreme Court did rely on *Chavez,* which addressed the finality of a suspended prison sentence. (See *McKenzie, supra*, 9 Cal.5th at pp. 46-47.) *Chavez* found that a grant of probation with a sentence imposed and execution suspended was not final for the purposes of dismissal under Penal Code section 1385 until the probation period expires. (*Chavez, supra*, 4 Cal.5th at pp. 776-777, 781-782.) *McKenzie*'s reliance on *Chavez* supports extending its ruling to any situation where the court retains some jurisdiction over defendant, such as a split term. In addition, the Supreme Court in *McKenzie* noted that the legislative goals in the amendment to section 11370.2, "to 'free[]' up funds for 'reinvest[ment] in community programs that actually improve the quality of life and reduce crime,' and to ' "reduce racial disparities in the criminal justice system," ' " were advanced by retroactive application of the changes. (*McKenzie,* at p. 51.) Applying Senate Bill 180 to the situation presented here, a split term that has not concluded, would likewise advance these same legislative goals. We accordingly conclude that the change to section 11370.2

applies to defendant and the trial court erred in denying his motion to dismiss the enhancement.**4**

DISPOSITION

The order denying the motion to dismiss the section 11370.2 enhancement is reversed and the matter is remanded with directions to strike the enhancement and resentence defendant. In all other respects, the judgment is affirmed.

      /s/
BLEASE, Acting P. J.

We concur:

      /s/
MURRAY, J.

      /s/
DUARTE, J.

---

**4**    We originally declined to address the Attorney General's contention that the appeal should be dismissed for defendant's failure to obtain a certificate of probable cause as we dismissed the appeal on other grounds. We now conclude no certificate is necessary, as this appeal addresses the retroactive application of a change in the law. (See *People v. Matthews* (2020) 47 Cal.App.5th 857, 862-863.)