Filed 9/15/23  P. v. Soto-Enriquez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C097478 |
| Plaintiff and Respondent, | (Super. Ct. No. 06F05369) |
| v. | |
| MIGUEL SOTO-ENRIQUEZ, | |
| Defendant and Appellant. | |

Defendant Miguel Soto-Enriquez killed one person and seriously injured another in a gang shooting when he was 16 years old.  He was originally sentenced in 2008 to life without parole for murder plus additional terms for attempted murder and enhancements. (*People v. Soto-Enriquez* (July 8, 2009, C059155) [nonpub. opn.].)[1]  Specifically, the trial court imposed 25 years to life on each of two firearm enhancements (Pen. Code,[2] § 12022.53, subd. (d)) and 10 years for a gang enhancement (§ 186.22).  The court also imposed a $2,000 restitution fine.  (§ 1202.4, subd. (b).)  Defendant has been incarcerated since his arrest in April 2007.

---

[1]  We affirmed the judgment on appeal.

[2]  Undesignated statutory references are to the Penal Code.

1

In 2016, the trial court granted defendant's petition for writ of habeas corpus and resentenced him to an aggregate term of 17 years determinate plus 75 years to life. The court also modified the restitution fine to $10,000. (§ 1202.4, subd. (b).) In 2017, defendant filed a written request to modify the increased restitution fine, but the court denied it in October 2017. Nothing in the record suggests defendant appealed from the trial court's October 2017 order.

In August 2022, defendant filed a petition for recall and resentencing under section 1170, arguing he was eligible for relief under a number of newly enacted statutes.[3] The trial court denied the petition in November 2022, reasoning it lacked jurisdiction because defendant's judgment was final, his sentence had been executed, and none of the new laws that defendant cited applied to defendant's final case. Defendant filed a notice of appeal from the November 2022 order denying his petition.

On appeal, defendant asks us to remand the matter, arguing the trial court had jurisdiction in 2022 to recall and resentence him because he was sentenced as a juvenile to life without parole. (§ 1170, subd. (d).) The People agree, as do we. Defendant further asks us to reverse the trial court's order in 2016 that increased his restitution fine. We will remand the matter to enable the trial court to consider defendant's resentencing petition under section 1170. However, we decline to address defendant's request to reverse the trial court's order that increased the restitution fine.

DISCUSSION

I

Generally, a trial court loses jurisdiction to resentence a defendant once his sentence has been executed. (*People v. Chamizo* (2019) 32 Cal.App.5th 696, 700.) However, under

---

[3] Specifically, defendant stated he was entitled to relief under Senate Bills Nos. 483 (2021-2022 Reg. Sess.), 333 (2021-2022 Reg. Sess.), 81 (2021-2022 Reg. Sess.), 92 (2021-2022 Reg. Sess.), and 823 (2019-2020 Reg. Sess.), and Assembly Bills Nos. 1540 (2021-2022 Reg. Sess.) and 624 (2021-2022 Reg. Sess.).

section 1170, subdivision (d), a defendant (1) younger than 18 years old when he committed his crime, (2) sentenced to life without parole, and (3) incarcerated for more than 15 years may petition for recall and resentencing, under specified circumstances. (§ 1170, subd. (d)(1)-(2), (6), (8).) Given that defendant was under the age of 18 when he committed his crimes, has been incarcerated for more than 15 years, and was originally sentenced to life without parole, the trial court did not lack jurisdiction to consider defendant's petition for recall and resentencing pursuant to section 1170, subdivision (d). The People concede that defendant is not barred from seeking relief under section 1170, subdivision (d) even though the trial court granted habeas corpus relief in 2016, and we accept the concession. (See *In re Kirchner* (2017) 2 Cal.5th 1040, 1043 [a defendant can choose whether to seek relief from an unconstitutional sentence either through the writ process, pursuant to § 1170, subd. (d), or both, and is not required to exhaust one type of remedy first].) Accordingly, we will remand the matter for the trial court to consider defendant's petition.

II

Defendant contends the trial court erred in 2016 when it increased his restitution fine from $2,000 to $10,000, without any explanation. He did not object to this increase and he failed to appeal the sentence. In this appeal, he argues the trial court violated his state and federal constitutional rights to due process by increasing his punishment on resentencing.

The People respond that the 2016 judgment is final and cannot be considered by this court in this appeal. Defendant argues the trial court had jurisdiction over the case once defendant filed his petition for resentencing in August 2022. According to defendant, the trial court had jurisdiction to correct the unauthorized restitution fine, and we now have jurisdiction to address the trial court's failure to do so. In the alternative, defendant argues that an unauthorized sentence is always correctable, and that we should consider the issue because it is vulnerable to habeas corpus proceedings on constitutional grounds.

Ordinarily, a defendant has 60 days in which to file an appeal from a judgment or order that affects his or her substantial rights. (§ 1237; Cal. Rules of Court, rule 8.308.)

3

Defendant did not file an appeal from the 2016 resentencing or from the trial court's October 2017 denial of his motion to reconsider the restitution fine.  Moreover, defendant's current notice of appeal is limited to the trial court's November 2022 order denying his petition for recall and resentencing.  Defendant cites no authority for the proposition that the mere filing of a petition for resentencing under section 1170, subdivision (d) gives the trial court (and thus this court) jurisdiction over the entire case, including the 2016 resentencing judgment.  Under the circumstances, this court does not have jurisdiction to consider the matter.

## DISPOSITION

The trial court's order denying defendant's petition for recall and resentencing based on lack of jurisdiction is reversed.  The matter is remanded to the trial court for further proceedings.


  /s/
Wiseman, J.*



We concur:


  /s/
Mauro, Acting P. J.


  /s/
Mesiwala, J.

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.