Filed 7/18/24  P. v. Jacinto CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C099936 |
| Plaintiff and Respondent, | (Super. Ct. No. STKCRFE20200005575) |
| v. | |
| JOSE LUIS JACINTO, | |
| Defendant and Appellant. | |

Defendant Jose Luis Jacinto appeals an order denying his postjudgment motion to correct his sentence to reflect that the term imposed on a firearm enhancement he admitted was purportedly stayed.  Defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216, asking this court to independently review the record to determine if there are any arguable errors that would result in a disposition more favorable to defendant.  Counsel acknowledges there may be an issue regarding the appealability of the order challenged.

Defendant filed a supplemental brief asserting that he was sentenced to a four-year stayed term for the firearm enhancement but that the abstract of judgment fails to reflect

1

the stay. In a single sentence, he also contends the firearm enhancement is no longer valid under equal protection principles.

After considering the order's appealability, we conclude the trial court lacked jurisdiction to entertain defendant's motion and that defendant's appeal must be dismissed.

## BACKGROUND

In June 2020, defendant was charged with two counts of second degree robbery (Pen. Code,[1] § 211; counts 1 & 2), carrying a loaded unregistered firearm (§ 25850, subd. (c)(6); count 3), and receiving stolen property (§ 496, subd. (a); count 4). For counts 1 and 2, it was alleged that defendant personally used a firearm within the meaning of section 12022.53, subdivision (b).

In October 2021, defendant pleaded no contest to count 1 and admitted an amended firearm use enhancement under section 12022.5, subdivision (a) in exchange for an aggregate term of nine years in state prison (served at 85 percent), including the upper term of five years for the robbery and the midterm of four years for personally using a firearm during the offense. The parties stipulated to the following factual basis for the plea: On June 13, 2020, defendant entered a Stockton liquor store and pointed a gun at the store clerks, demanding money; the store clerks complied out of fear and against their will by giving defendant $770 from the register. Defendant and a codefendant left the store with the money. Defendant acted with the specific intent to deprive the victims of the money taken and defendant personally used a firearm while committing the offense. The court granted the prosecutor's motion to dismiss the remaining charges in the interest of justice.

---

[1] Further undesignated statutory references are to the Penal Code.

Defendant waived a probation report and requested immediate sentencing. The trial court sentenced defendant to nine years in state prison pursuant to the parties' plea agreement, which is reflected on the abstract of judgment. According to the abstract, defendant was remanded to the custody of the sheriff "forthwith" to be delivered to the Department of Corrections to begin serving his sentence. Nothing in the record shows defendant appealed the judgment and it became final in December 2021.

Two years later, in October 2023, defendant filed a motion to correct his sentence, asserting that the four-year term on the firearm use enhancement should have been stayed. He requested that the trial court notify the Department of Corrections of the purported stay. On November 1, 2023, the trial court summarily denied defendant's motion, and this appeal followed.

## DISCUSSION

The independent review procedures outlined in *People v. Wende*, *supra*, 25 Cal.3d at pages 442 through 443 are not constitutionally required in an appeal from a postconviction order denying a section 1172.6 petition for resentencing. (*People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 222, 224-225.) But where, like here, a defendant has been notified that his appeal may be dismissed pursuant to *Delgadillo*, and he files a supplemental brief raising various issues he wants considered, we must evaluate the specific arguments presented in the defendant's supplemental brief, but we are not required to independently review the record, although we may exercise our discretion to do so. (*Id.* at pp. 228-232.)

Before applying *Delgadillo*'s guidance to consider the issues in defendant's supplemental brief, however, we first turn to whether the trial court had jurisdiction to consider defendant's motion to correct his sentence, and whether we have appellate jurisdiction to entertain the appeal. (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126 ["[t]he existence of an appealable judgment [or order] is a jurisdictional prerequisite to an appeal"].) If the trial court did not have jurisdiction to rule on defendant's motion, the

3

order denying the motion is nonappealable and any appeal from the order must be dismissed. (*People v. King* (2022) 77 Cal.App.5th 629, 634 (*King*); *People v. Chamizo* (2019) 32 Cal.App.5th 696, 698 [because defendant's judgment was final at the time he filed a motion for resentencing, the trial court did not have jurisdiction to entertain the motion and the appeal was dismissed as from a nonappealable order]; *People v. Torres* (2020) 44 Cal.App.5th 1081, 1084-1085 [order denying motion to vacate or modify sentence by court without jurisdiction did not affect the defendant's substantial rights and was not appealable under § 1237, subd. (b)].)

Under the common law, a trial court generally lacks "jurisdiction to resentence a criminal defendant once execution of sentence has commenced." (*People v. Karaman* (1992) 4 Cal.4th 335, 344.) "The general rule is that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' " (*King*, *supra*, 77 Cal.App.5th at p. 634.)

Certain statutory exceptions to this general rule exist. For example, at the time defendant was sentenced in October 2021, former section 1170, subdivision (d)(1) (renumbered § 1170.03 & now § 1172.1, subd. (a)) allowed a trial court, on its own motion, to recall a sentence within 120 days of commitment and resentence a defendant. (Stats. 2020, ch. 29, § 14, eff. Aug. 6, 2020.) Effective January 1, 2024, Assembly Bill No. 600 amended section 1172.1, subdivision (a) to provide that a trial court may now, "on its own motion, within 120 days of the date of commitment *or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law*" recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence. (Stats. 2023, ch. 446, § 2, italics added.) Assembly Bill No. 600 also added subdivision (c), which provides: "A defendant is not entitled to file a petition seeking relief from the court under this section.

4

If a defendant requests consideration for relief under this section, the court is not required to respond." (§ 1172.1, subd. (c).)

Here, defendant was sentenced in October 2021 and delivered "forthwith" to begin serving his sentence. Defendant never appealed the judgment, which became final 60 days later. (Cal. Rules of Court, rule 8.308(a) [a judgment will become final if the defendant does not appeal within 60 days].) Defendant filed his motion to correct his sentence in October 2023—nearly two years after the judgment had become final and well beyond the 120-day deadline in former section 1170, subdivision (d) to recall the sentence on the court's own motion. And because amended section 1172.1 giving trial court's broader discretion to recall a sentence was not yet in effect when the court denied the motion in November 2023, it did not provide the court with jurisdiction to act on defendant's motion.

"[A] freestanding motion challenging an incarcerated defendant's sentence," moreover, "is not a proper procedural mechanism to seek relief. A motion is not an independent remedy, but must be attached to some ongoing action." (*King*, *supra*, 77 Cal.App.5th at p. 640.) A defendant who wishes to challenge a sentence as unlawful after the defendant's conviction is final and after he has begun serving the sentence "must do more than simply file a motion in the trial court making an allegation that the sentence is legally infirm." (*Ibid.*)

While courts have recognized that a trial court does have inherent power to correct clerical errors to make court records reflect the true facts, which power exists independent of statute and may be exercised in criminal cases (see e.g., *King*, *supra*, 77 Cal.App.5th at p. 639), defendant's motion did not merely seek to correct a clerical error in the abstract of judgment. Rather, it essentially sought to vacate and modify the sentence to stay the four-year firearm enhancement that nothing in the appellate record, including the reporter's transcript of the plea colloquy or the sentencing minutes, show either the parties or the court intended to stay under the accepted terms of the plea deal.

5

Because defendant's motion was procedurally improper and the trial court lacked jurisdiction to rule on it, we do not have jurisdiction to consider defendant's appeal from the nonappealable order and must dismiss it. (*King, supra,* 77 Cal.App.5th at pp. 634, 640.) Having concluded defendant has appealed from a nonappealable order, we need not address defendant's arguments in his supplemental brief.

**DISPOSITION**

The appeal is dismissed.


/s/_____
Wiseman, J.*


We concur:


/s/_____
Earl, P. J.


/s/_____
Duarte, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.