Filed 11/22/24  P. v. Wagner CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL THOMAS WAGNER,<br><br>    Defendant and Appellant. | A167339<br><br>(Lake County<br>Super. Ct. No. CR955051) |

In July 2021, pursuant to a plea agreement with a stipulated sentence of 17 years, appellant Michael Thomas Wagner (appellant) entered a plea of no contest to assault with a firearm (Pen. Code, § 245, subd. (a)(2)), with enhancements.[1]  In August, the trial court sentenced him pursuant to the agreement.

In January 2023, appellant filed a motion to recall his sentence.  The trial court denied the motion and the present appeal followed.

Before we may address the merits of appellant's claims, we must first determine whether the trial court had jurisdiction to consider appellant's 2023 motion to recall his sentence, and whether we have appellate

---

[1] All undesignated statutory references are to the Penal Code.  The details of the underlying incident are not relevant to the issues on appeal.

1

jurisdiction to entertain the appeal. (See *Jennings v. Marralle* (1994) 8 Cal.4th 121, 126 ["The existence of an appealable judgment is a jurisdictional prerequisite to an appeal"].) If the trial court did not have jurisdiction to rule on appellant's motion, the " 'order denying such a motion is nonappealable, and any appeal from such an order must be dismissed.' " (*People v. King* (2022) 77 Cal.App.5th 629, 634; see also *People v. Torres* (2020) 44 Cal.App.5th 1081, 1084–1085; *People v. Chamizo* (2019) 32 Cal.App.5th 696, 698.)

Here, appellant *concedes* in his reply brief that "when appellant filed his request for recall and resentencing on January 23, 2023 [citation], the trial court had no jurisdiction to act on it." As appellant correctly explains, "Under the then-extant version of . . . section 1172.1(a)(1), a court had no authority to recall and resentence on its own motion after 120 days. After 120 days had passed a court was then deprived of jurisdiction to recall and resentence a criminal defendant on its own motion once execution of the sentence had commenced. [Citation.] In its January 26, 2023, denial order, the trial court correctly observed, 'The statutory time period to recall the sentence has expired.' " (Fn. omitted.)

Appellant goes on to argue that "all that has changed" due to an amendment to section 1172.1, subdivision (a)(1), effective January 1, 2024. Under the current version of the statute, the trial court may, on its own motion, recall an offender's sentence "at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1), as amended by Stats.

2023, ch. 446, § 2; see also *People v. Dain* (2024) 99 Cal.App.5th 399, 411–413, review granted May 29, 2024, S283924.)[2]  Thus, a trial court now is not limited by the 120-day constraint if there has been a change in the applicable sentencing laws.  Appellant argues the expanded authority under section 1172.1, subdivision (a)(1) is such a change.

However, appellant fails to explain how the current expanded authority to recall a sentence affects the appealability of the January 2023 denial of appellant's unauthorized motion.  That is, even if the trial court currently has authority to recall appellant's sentence, since the court was without jurisdiction to do so when the motion was filed, its order denying the motion is unappealable and the present appeal must be dismissed.[3]  The case appellant cites to support his request for remand for resentencing is

_____

[2] Section 1172.1, subdivision (a)(1) now provides: "When a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of the Department of Corrections and Rehabilitation or to the custody of the county correctional administrator pursuant to subdivision (h) of Section 1170, the court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence.  Recall and resentencing under this section may be initiated by the original sentencing judge, a judge designated by the presiding judge, or any judge with jurisdiction in the case."  (Stats. 2023, ch. 446, § 2, eff. Jan. 1, 2024.)

[3] Appellant's opening brief asked for remand for reconsideration of appellant's sentence under Senate Bill No. 567 (2021–2022 Reg. Sess.), which "alter[ed] a trial court's discretion to choose the lower, middle, or upper term."  (*People v. Fox* (2023) 90 Cal.App.5th 826, 830.)  Appellant's reply brief does not rely on that enactment.  In any event, because appellant's appeal is from an unappealable order, appellant's request for remand under Senate Bill No. 567 also provides no basis to avoid dismissal.

inapposite because that case did not involve an appeal from an unappealable order.  (*People v. Campbell* (2023) 98 Cal.App.5th 350, 359–362.)[4]

## DISPOSITION

The appeal is dismissed.

SIMONS, Acting P.J.

We concur.

BURNS, J.
CHOU, J.

(A167339)

---

[4] We observe that section 1172.1, subdivision (c) provides that "[a] defendant is not entitled to file a petition seeking relief from the court under this section." (§ 1172.1, subd. (c).)  Accordingly, even if we had jurisdiction to address the merits, we would deny appellant's request for remand for resentencing.

4