Filed 8/27/25  P. v. Arreola CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084665 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. FWV902399) |
| JESUS ARREOLA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Bernardino County, Ingrid A. Uhler, Judge.  Affirmed and remanded with instructions.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Collete C. Cavalier and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

Jesus Arreola appeals the trial court's order finding him ineligible for resentencing under Penal Code[1] section 1172.75.  We find that Arreola was

---

[1]    Further undesignated statutory references are to the Penal Code.

ineligible for relief under the plain language of section 1172.75 because his "current judgment" does not include a prison prior enhancement that was "imposed prior to January 1, 2020." (§ 1172.75, subds. (a), (c).) We further conclude, however, that the trial court imposed an unauthorized sentence in 2021 by staying rather than striking Arreola's prison prior. We therefore affirm the order denying relief under section 1172.75 and remand the matter with instructions to strike the prison prior.

FACTUAL AND PROCEDURAL BACKGROUND

In late 2009, Arreola was charged with attempted murder (§§ 664, 187, subd. (a); count one); assault with a deadly weapon (§ 245 subd. (a)(1); count two); robbery (§ 211; counts three and five); and dissuading a witness by force or threat (§ 136.1 subd. (c)(1); count four). Arreola was also charged with enhancements for personal use of a deadly weapon (§ 12022, subd. (b)(1)) on counts one, three, four, and five, and inflicting great bodily harm (§ 12022.7, subd. (a)), on counts one, two, and three. The information further alleged that Arreola had one strike prior (§§ 667, subds. (b)-(i)), 1170.12, subds. (c)-(e)), two serious-felony convictions arising out of the same prior case (§ 667, subd. (a)(1)), and one prison prior for an assault conviction (former § 667.5, subd. (b)).

In early 2010, Arreola pled no contest to attempted murder and admitted the prison prior in accordance with a plea bargain dismissing the remaining counts and enhancements. The plea form indicated that Arreola was entering the plea because the prosecutor had agreed to a total term of 19 years in state prison. At sentencing, the trial court imposed an upper term sentence of 18 years for the attempted murder plus one year for the prison prior for a total sentence of 19 years.

Effective January 1, 2020, Senate Bill No. 136 (Senate Bill No. 136) (2019–2020 Reg. Sess.) amended section 667.5, subdivision (b), to invalidate all prison prior enhancements going forward, with the exception of prison priors for sexually violent offenses. (See *People v. Jennings* (2019) 42 Cal.App.5th 664, 681.) Courts, including our own, construed Senate Bill No. 136 as applying "to all cases not yet final as of its January 1, 2020, effective date" under the holding of *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*). (*Jennings*, at p. 682; see also *People v. Lopez* (2019) 42 Cal.App.5th 337, 342.)

At a hearing on December 9, 2021, Arreola was "resentenced per recall of commitment" under former section 1170, subdivision (d) (now section 1172.1). The court reduced Arreola's total sentence from 19 years to 18 years by staying rather than imposing the one-year sentence for the prison prior under section 667.5, subdivision (b). The court amended the abstract of judgment accordingly. Line 3 of the amended abstract has a box with "S" listed next to "PC667.5(B)" and explains that "S" stands for "stayed."

The parties here agree that the trial court imposed an unauthorized sentence by staying rather than striking the prison prior on December 9, 2021. The Attorney General concedes that the prison prior "was already legally invalid and unauthorized" at the time of the resentencing under Senate Bill No. 136. Arreola also acknowledges that "[t]he re-imposition of the section 667.5(b) enhancement, even if stayed, resulted in an unauthorized sentence" because "[b]y December 2021, SB 136 had rendered Mr. Arreola's enhancement legally invalid, meaning it could not lawfully be imposed."

Effective January 1, 2022, the month after Arreola's resentencing, Senate Bill No. 483 (2021–2022 Reg. Sess.) made Senate Bill No. 136 fully retroactive by declaring "legally invalid" all prison prior enhancements

3

"imposed prior to January 1, 2020" pursuant to section 667.5, subdivision (b), with the same exception for prior prison terms for sexually violent offenses. (Stats. 2021, ch. 728, § 3.) This statute became effective as former section 1171.1 and has since been renumbered as section 1172.75 without substantive change. (*People v. Mayberry* (2024) 102 Cal.App.5th 665, 669.) Section 1172.75, subdivision (c) provides a resentencing procedure for defendants whose judgments include a now-invalid prison prior that was imposed prior to January 1, 2020.

In May 2024, the court held a hearing "for a potential resentencing under 1172.75." Although the appellate record does not include the section 1172.75 petition, the parties and the trial court treated the matter as if one had been filed. The court denied Arreola's request for resentencing under section 1172.75 based on a since depublished decision holding that there was no right to resentencing under section 1172.75 where the defendant agreed to the original sentence as part of a negotiated disposition. (*People v. Ellis* (2024) 101 Cal.App.5th 1233.)

Arreola filed a motion for reconsideration, which is also not in the appellate record. In June 2024, the court denied reconsideration for the same reason it denied the original request for resentencing.[2]

---

[2] On appeal, the People do not rely on the trial court's reasoning on this issue. We have applied section 1172.75 to stipulated sentences imposed as part of a plea bargain. (*People v. Carter* (2023) 97 Cal.App.5th 960, 977 (*Carter*) [section 1172.75 applies "to all sentences, including stipulated sentences imposed as part of a plea bargain" and "the prosecution may not withdraw from the plea bargain if the court imposes a lower sentence on resentencing"].) Moreover, the Legislature has since adopted our view by enacting section 1171. (§ 1171, subd. (c)(3) [stating that in postconviction proceedings under specified statutes including section 1172.75, "[a]ny changes to a sentence shall not be a basis for a prosecutor or court to rescind a plea agreement"].)

DISCUSSION

Arreola contends that the trial court erred by denying his request for full resentencing under section 1172.75.  The parties' initial briefing focused on whether this statutory right to resentencing applies when the judgment includes a prison prior enhancement that was imposed but then stayed.  Our Supreme Court has since answered that question in the affirmative.  (*People v. Rhodius* (2025) 17 Cal.5th 1050.)

After reviewing the record, we requested supplemental briefing on two questions: (1) whether section 1172.75 applies in light of the resentencing and new judgment on December 9, 2021; and (2) whether we should strike the prison prior that was stayed in December 2021 because it was already legally invalid and unauthorized under Senate Bill No. 136.  The parties each submitted a supplemental brief addressing these questions.

Applying the plain language of the statute, we conclude that section 1172.75 does not apply here.  Section 1172.75, subdivision (a), states: "Any sentence enhancement that was imposed *prior to January 1, 2020*, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid."  (Italics added.)  Moreover, the statute's resentencing provision applies only if "the *current judgment* includes a sentencing enhancement *described in subdivision (a)*."  (§ 1172.75, subd. (c), italics added.)

Arreola was resentenced *after* January 1, 2020, on December 9, 2021.  His "current judgment" is the judgment of December 9, 2021 (§ 1172.75, subd. (c)).  The recall of the original sentence and resentencing under former section 1170, subdivision (d) resulted in a new sentence and therefore a new judgment.  (See *People v. Chamizo* (2019) 32 Cal.App.5th 696, 699–700

[judgment is synonymous with sentence in criminal case]; *People v. Lopez* (2020) 56 Cal.App.5th 835, 845 (*Lopez*) [resentencing under former section 1170, subdivision (d)(1) "replaces the original sentence" and results in a "new sentence"].) Arreola's current judgment of December 8, 2021 does not include "a sentencing enhancement described in subdivision (a)" (§ 1172.5, subd. (c)) because the prison prior enhancement imposed and stayed as part of that judgment was not imposed "prior to January 1, 2020" (§ 1172.75, subd. (a)). Accordingly, Arreola is not eligible for resentencing under section 1172.75. "By its terms, the bill applies exclusively to sentence enhancements imposed before January 1, 2020 . . . ." (*Carter, supra*, 97 Cal.App.5th at p. 971.)

We agree with the parties, however, that the trial court imposed an unauthorized sentence by staying rather than striking the prison prior on December 9, 2021 because the prison prior was already legally invalid at the time under Senate Bill No. 136. When the court recalled the original sentence in December 2021, it rendered the judgment nonfinal for *Estrada* purposes. (See *People v. Padilla* (2022) 13 Cal.5th 152, 161–163 [order vacating original sentence in collateral proceedings renders judgment nonfinal for *Estrada* purposes]; *Lopez, supra*, 56 Cal.App.5th at pp. 845–846 ["The original sentence can no longer be considered final for *Estrada* purposes when it has been recalled and modified by the new sentence."]; *People v. Montes* (2021) 70 Cal.App.5th 35, 46–47 [resentencing under former section 1170, subdivision (d), results in a new sentence and renders the judgment nonfinal for *Estrada* purposes].) As a result, Arreola was entitled to the ameliorative benefit of Senate Bill No. 136 and the prison prior should have been stricken as invalid. In exercising our appellate jurisdiction, it is our duty to correct an unauthorized sentence. (*People v. Serrato* (1973) 9 Cal.3d 753, 764–765, disapproved on other grounds in *People v. Fosselman*

(1983) 33 Cal.3d 572, 583, fn. 1.)  Accordingly, we will remand the matter to the trial court with instructions to strike the prison prior.

Although a trial court generally may reconsider all sentencing choices when resentencing to correct judicial error (see *People v. Codinha* (2023) 92 Cal.App.5th 976, 994), our high court has authorized trial courts to simply strike wrongly imposed prison prior enhancements.  (See *People v. Jones* (1993) 5 Cal.4th 1142, 1153 [remanding to the trial court with directions to strike one-year section 667.5, subdivision (b) enhancement and send corrected abstract of judgment to the Department of Corrections]; see generally *In re Sandel* (1966) 64 Cal.2d 412, 418–419 [disregarding the void portion of the judgment].)  We therefore reject Arreola's argument that a full resentencing is required.

## DISPOSITION

The order denying section 1172.75 relief is affirmed.  The matter is remanded to the trial court with instructions to strike the prison prior, amend the abstract of judgment accordingly, and send a copy of the amended abstract to the Department of Corrections and Rehabilitation.


BUCHANAN, Acting P. J.

WE CONCUR:


KELETY, J.


RUBIN, J.

7